# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANDON PRICE, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00102-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF Nos. 3, 21)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Corey Williams, a civil detainee, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion for a preliminary injunction requesting the Court to hear his motion on shortened time.

## I.

## PROCEDURAL HISTORY

Plaintiff filed a complaint in this action on January 22, 2018, seeking a preliminary injunction and a motion to have this action heard on shortened time. (ECF Nos. 1, 3.) On March 7, 2018, Plaintiff's complaint was screened by the magistrate judge and Plaintiff was ordered to either file an amended complaint or notify the court that he was willing to proceed on the claims found to be cognizable within thirty days. (ECF No. 11.) The March 7, 2018 order did not address the January 22, 2018 motion.

On April 3, 2018, the matter was reassigned to Magistrate Judge Stanley A. Boone due to the retirement of Magistrate Judge Michael J. Seng. (ECF No. 14.) On April 5, 2018, on order was filed requesting that Defendants Pam Ahlin and Brandon Price ("Defendants") make a special appearance to respond to Plaintiff's motion for injunctive relief. (ECF No. 16.) On April 6, 2018, Plaintiff filed a first amended complaint. (ECF No. 17.)

1  Plaintiff's first amended complaint was screened; and on April 18, 2018, findings and
2  recommendations issued recommending that this action proceed against Defendants Ahlin and Price
3  for a conditions of confinement claim and deprivation of property claim due to the implementation
4  of the amendments to Cal. Code Regs. tit. 9, § 4350, and a claim that the regulation is overbroad by
5  prohibiting devices that are not able to connect to the internet.  (ECF No. 18.)  After being granted
6  an extension of time to respond to the request for injunctive relief, Defendants filed a response on
7  April 30, 2018.  (ECF No. 21.)

## II.

## LEGAL STANDARD

10  "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.
11  Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  In Winter, the
12  Supreme Court held that "[a] court may grant a preliminary injunction only if the plaintiff establishes
13  four elements: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm
14  absent a preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive
15  relief is in the public interest."  Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015); Leigh v.
16  Salazar, 677 F.3d 892, 896 (2012).  "To receive a preliminary injunction, [a plaintiff is] required to
17  show either a likelihood of success on the merits and the possibility of irreparable injury, or that
18  serious questions going to the merits were raised and the balance of hardships tips sharply in its
19  favor."  In re Focus Media Inc., 387 F.3d 1077, 1085 (9th Cir. 2004) (quoting Sun Microsystems,
20  Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir.1999)).  "These standards 'are not separate
21  tests but the outer reaches of a single continuum.' "  Stuhlbarg Int'l Sales Co., 240 F.3d at 840
22  (quoting International Jensen, Inc. v. Metrosound U.S.A., 4 F.3d 819, 822 (9th Cir.1993)).  An
23  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Winter,
24  555 U.S. at 22 (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)) (emphasis added).

## III.

## DISCUSSION

27  Plaintiff's motion states that he will suffer irreparable harm if his electronic devices and

1 electronic storage media are confiscated pursuant to Cal. Code Regs. tit. 9, § 4350.[1]  (ECF No. 3.)

2      Defendants request that the Court deny the motion for a preliminary injunction regarding the

3 implementation of the amendments to section 4350.  (ECF No. 21 at 7.)  Defendants argue that the

4 regulation pertaining to the possession of electronic devices does not violate Plaintiff's constitutional

5 rights.  (Id.)  Further, Defendants contend that Plaintiff does not establish grounds for the issuance

6 of a preliminary injunction.  (Id.)

7      Defendants request that the Court take judicial notice of the Coalinga State Hospital ("CSH")

8 website, Notice of Emergency Amendments and Findings of Emergency Regulations for Electronic

9 Patient Property, California Code of Regulations, the Office of Administrative Law's Approval of

10 the Emergency Regulations, memorandums from Defendant Price to the patients at CSH, and

11 decisions in pending federal actions.[2]  (ECF No. 21-1.)  Defendants' request for judicial notice is

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice may be taken "of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  The Court will take judicial notice of the California Code of Regulations, rulemaking documents and decisions of the Office of Administrative Law, and the orders issued in federal actions.

Judicial notice may be taken of records and reports of public records.  United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003); Interstate Nat. Gas Co. v. Southern California Gas Co., 209 F.2d 380, 385 (9th Cir. 1953); Minor v. FedEx Office & Print Servs., Inc., 78 F.Supp.3d 1021, 1027 (N.D. Cal. 2015).  Plaintiff has not opposed the request for judicial notice and the memorandums attached to Defendants' opposition are written on agency letterhead and are not reasonably subject to dispute.  Accordingly, the Court takes judicial notice of the memorandums of Defendant Price and the District Attorney's Office which were directed to the civil detainees at CSH.

Courts may take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein.  Daniels –Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).  The Court grants the request to take judicial notice of the Coalinga State Hospital website.

Defendant also seeks to incorporate by reference the declaration of Brandon Price filed in Segura v. Ahlin, No. 1:18-cv-00052-LJO-SAB (E.D. Cal. April 23, 2018), ECF No. 14-1. "Documents that are part of the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another court case, but a court may not take judicial notice of findings of facts from another case."  Walker v. Woodford, 454 F.Supp.2d 1007, 1022 (S.D. Cal. 2006), aff'd in part, 393 F.App'x 513 (9th Cir. 2010).  While the Court may take judicial notice that the declaration was filed in another action, may not take judicial notice of the facts contained in the declaration.  While the Ninth Circuit does allow the Court to incorporate by reference documents that are relied on in the complaint on a motion to dismiss under Rule 12(b)(6), United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011), Defendant has not provided any authority and the Court is not aware of any to make it appropriate to incorporate documents filed in other cases into Defendants' opposition.  The Court declines to consider the declaration for the factual information contained within.

1   granted.

2       **A.      Likelihood of Success on Merits**

3       Plaintiff argues that he is likely to succeed on the merits of his claims.  The Court has screened

4   Plaintiff's complaint and found that it states a cognizable claim that section 4350 of Title 15 of the

5   California Code of Regulations is punitive because he is being held in conditions that are more

6   restrictive than inmates in the custody of the California Department of Corrections and

7   Rehabilitation; the regulation is overbroad by prohibiting devices that are incapable of connecting

8   to the internet and have no storage capacity, and a deprivation of property claim based on the

9   confiscation of his electronic devices and electronic storage medium pursuant to section 4350.[3]

10      Defendants counter that Plaintiff cannot establish a likelihood of success on the merits of his

11  claims because the alleged deprivation of his property occurred in compliance with section 4350 and

12  the regulation is reasonably related to a legitimate state interest.

13      In deciding whether a preliminary injunction should issue, the likelihood of success on the

14  merits is the most important factor for the court to consider.  Disney Enterprises, Inc. v. VidAngel,

15  Inc., 869 F.3d 848, 856 (9th Cir. 2017).  To establish a substantial likelihood of success on the merits,

16  the plaintiff must show "a fair chance of success."  In re Focus Media Inc., 387 F.3d at 1086 (quoting

17  Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir.1988)).  "[O]nce the moving

18  party has carried its burden of showing a likelihood of success on the merits, the burden shifts to the

19  non-moving party to show a likelihood that its affirmative defense will succeed."  In re Focus Media

20  Inc., 387 F.3d at 1086 (quoting Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1158 (9th Cir.

21  2007)).  When a plaintiff has failed to show likelihood of success on the merits, the Court need not

22  consider the remaining factors.  Garcia, 786 F.3d at 740.

23      Here, the Court finds that Plaintiff has not shown a likelihood of success on the merits of his

24  claims.

25      1.      Fourteenth Amendment Claims

---

26  [3] The Court has found that Plaintiff has failed to state any other cognizable claims for the reasons discussed in the
27  April 25, 2018 findings and recommendations.  (ECF No. 15.)  As the Court has found that Plaintiff is unable to state a
    cognizable claim for his remaining claim, that finding makes him unlikely to prevail on the merits of these claims.
    Therefore, the Court only addresses the likelihood of prevailing on the merits of those claims found to be cognizable in
28  the April 25, 2018 findings and recommendations.

To determine whether conditions of confinement of civilly committed individuals have been violated, courts look to the substantive due process clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982); Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," and to provide "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citations omitted).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than criminals, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners to establish a floor for the constitutional rights of persons detained under a civil commitment scheme, Padilla v. Yoo, 678 F.3d 748, 759 (9th Cir. 2012) (citing Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007), vacated and remanded on other grounds by 556 U.S. 1256 (2009), and may borrow Eighth Amendment standards to do so, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991), abrogated on other grounds by 511 U.S. 825 (1994). But the conditions under which civil detainees are held cannot be more harsh than those under which prisoners are detained except where the statute itself creates a relevant difference. Hydrick, 500 F.3d at 989 n.7.

The Due Process Clause requires that the nature and duration of the civil commitment must bear some reasonable relation to the purpose for which the individual is committed. Jones, 393 F.3d at 931. However, civilly detained individuals can be subject to restrictions that have a legitimate, non-punitive government purpose and that do not appear to be excessive in relation to that purpose. Bell v. Wolfish ("Wolfish"), 441 U.S. 520, 535 (1979). "A reasonable relationship between the governmental interest and the challenged restriction does not require an exact fit, nor does it require showing a 'least restrictive alternative.' " Valdez v. Rosenbalm, 302 F.3d 1039, 1046 (9th Cir. 2002) (citations omitted). The only question is whether the defendants might reasonably have thought that the policy would advance its interests. Id.

    a.    **Punitive Nature of Section 4350**

Plaintiff contends that depriving him of the right to possess his electronic devices and storage media is punitive. Plaintiff argues that he was allowed to purchase and use the property for more than a decade and now it is being taken away from him without compensation. Plaintiff also contends that there is no reason to place a limit on the amount of allowed property that he is able to possess.

Defendants counter that Plaintiff is a Sexually Violent Predator ("SVP") who has been committed to a secure facility for treatment and CSH has a legitimate interest in institutional security. Further, Defendants argue that they are under an obligation to take reasonable measures to ensure the safety of patients and must be alert to attempts to introduce contraband into the hospital. As one of the purposes at CSH is to treat and rehabilitate SVPs it is critical that they prevent SVPs from procuring child pornography and other illicit materials.

Under Ninth Circuit precedent, "a restriction is 'punitive' where it is intended to punish, or where it is 'excessive in relation to [its non-punitive] purpose,' ' or is 'employed to achieve objectives that could be accomplished in so many alternative and less harsh methods[.]" Jones, 393 F.3d at 934 (citations omitted). "[A] presumption of punitive conditions arises where the individual is detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under conditions more restrictive than those he or she would face upon commitment." Id. This presumption can be rebutted by the defendants explaining a legitimate, non-punitive purpose for the conditions imposed. Id.

Plaintiff is detained as an SVP pursuant to the Sexually Violent Predators Act ("SVPA"). An SVP is defined as "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). The SVPA authorizes the involuntary civil commitment of a person who has completed a prison term, but has been given a "full evaluation" and found to be a SVP. Reilly v. Superior Court, 57 Cal.4th 641, 646 (2013). The purpose of the SVPA is "'to protect the public from dangerous felony offenders with mental disorders and to provide mental health treatment for their disorders." State Dep't of State Hosps. v. Superior Court,

61 Cal.4th 339, 344 (2015) (quoting People v. McKee, 47 Cal.4th 1172, 1203 (2010)). "[SVPs] are involuntarily committed because their mental disease makes them dangerous to others." Seaton v. Mayberg, 610 F.3d 530, 540 (9th Cir. 2010).

Pursuant to the SVPA, an SVP who is committed to a secure facility for mental health treatment shall be placed at CSH absent unique circumstances. Cal. Welf. & Inst. Code, § 6600.05(a). "Placement at CSH is sufficiently analogous to an inmate's incarceration in prison, which 'by definition . . . [is a] place[ ] of involuntary confinement of persons who have a demonstrated proclivity for anti-social criminal, and often violent, conduct [.]" People v. Golden, 19 Cal.App.5th 905, 912 (2017), review denied (Apr. 18, 2018) (quoting Hudson v. Palmer, 468 U.S. 517, 526 (1984)).

Although inmates retain certain rights that does not mean that their rights are not subject to restrictions and limitations. Wolfish, 441 U.S. at 545. Lawful incarceration brings with it the withdrawal or limitation of many privileges and rights that are justified by considerations of the penal system. Id. at 546. "There must be a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 566 (1974)). This principle applies equally to pretrial detainees and pretrial detainees do not possess the full range of freedoms as an unincarcerated individual. Wolfish, 441 U.S. at 546. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Id.

The Department of State Hospitals ("DSH") originally adopted section 4350 to address an increasing number of contraband wireless communications devices among the patient population and their use to import illegal pornographic materials, facilitate contraband exchanges, and communication between individuals inside and outside of the facility. (Findings of Emergency, ECF No. 21-1 at 17.) In the years since section 4350 was adopted, DSH has noted that technological changes and patient's electronic abilities have shown a need to control data storage that was not addressed in the original regulation. (Id.) The original regulation has permitted patients to access, exchange, and profit from illegal material, including child pornography. (Id.) The failure to address

this issue would endanger patients, staff, and the public through access to the internet; coordination of harmful activities; allowing patients to burn, download and exchange illegal material; and the revictimization of children in pornographic images. (Id.) The amendments to section 4350 have been implemented to protect the public, specifically the victims of child pornography. (Id.)

Although Plaintiff alleges that section 4350 is punitive in nature because it is more restrictive than the conditions imposed on individuals incarcerated in the California Department of Corrections and Rehabilitation, Plaintiff is not being held under conditions designed for criminal detention. Plaintiff is an SVP who has been found to be likely to engage in sexually violent criminal behavior and is detained for the purpose of receiving mental health treatment until he has been sufficiently rehabilitated to be able to return to the community. The fundamental goal of the CSH Sex Offender Treatment Program is to have the SVP acquire pro-social skills and to prevent the reoccurrence of sexual offending. (Department of State Hospitals - Coalinga, Treatment and Programming, attached at ECF No. 21-1 at 9.) Further, Defendants have implemented section 4350 to protect the victims of child pornography from re-victimization which continues to be occurring at CSH despite the DSH's efforts to locate and prosecute those involved in such illegal activity. (ECF No. 21-1 at 18.)

Although Plaintiff contends that the amendments to section 4350 are punitive, Defendants have set forth a legitimate nonpunitive purpose for the amendments. Further, the prohibition on items that connect to the internet or have storage capacity is reasonably related to the purpose of the regulation, which is to keep SVPs from obtaining and distributing illicit material. As CSH has a legitimate interest in preventing illegal activity, maintaining institutional security, and preserving internal order and discipline, Wolfish, 441 U.S. at 546, the Court finds that Plaintiff has not demonstrated that he is likely to prevail on the claim that section 4350 is punitive in nature.

**b.** **Challenge to the regulation as over broad**

Plaintiff alleges that the regulation is overly broad and not narrowly tailored. Plaintiff contends that prohibiting items that have no wireless capability and no potential for internet access is overly broad and not narrowly tailored to the stated legitimate governmental interest. Defendants argue that Plaintiff is unlikely to prevail as he has no right under the Fourteenth Amendment to possess gaming devices that can connect to the internet or store electronic data. Further, Defendants

argue that legitimate security and treatment goals are served by prohibiting devices that are contain data storage capabilities which allow patients to download illegal material and software into the device and prevent the items from being discovered in a standard room search. These items can be modified by patients to download, store, and distribute child pornography. Defendants state that patients are permitted to have items commonly used for recreation, such as a television, DVD or Blu-ray player, radio or music player as long as they do not have internet, external communication, or wireless communication capability.

Section 4350 prohibits Plaintiff from possessing electronic devices that are capable of being connected to the internet, including computers, cell phones, personal digital assistants, graphing calculators, and radios and electronic devices without native capabilities but that be modified for network communication. Cal. Code Regs. tit. 9, § 4350(a). While digital recording devices, voice or visual recording devices, or items with memory storage ability are prohibited, Cal. Code Regs. tit. 9, § 4350(a) (2-4), "commercially produced CDs and DVDs and players without internet access will be permitted and patients will have access to digital media on a supervised basis." (Notice of Approval of Emergency Regulatory Action, ECF No. 21-1 at 46); see Cal. Code Regs. tit. 9, § 4350(b).

Defendants justify the regulation as memory devices as small as 1 GB have the capacity to store downloadable software that allows copying of materials through other electronic devices. (ECF No. 21-1 at 18.) While gaming devices that are internet disabled were previously permitted, many recent gaming devices contain accessible data storage capabilities allowing patients to download illegal material and software. (Id.) These devices also allow non-proprietary CDs and DVDs for transfer and distribution of images or receipt and download of images. (Id.) The ability to burn DVDs and CDs permits the ability to distribute illegal images and communications. (Id.) Patients will be permitted to own CDs and DVDs provided by the manufacturer. (Id.)

In 2017 DSH made eleven arrests regarding child pornography. (Id. at 18.) In the past few years there have been 5 convictions of patients possessing child pornography and several more cases are awaiting trial. (Id.) DSH has discovered that nearly all this child pornography is being distributed through electronic devices and the amendment to the regulation is needed to prevent

minors from being revictimized, protect staff and patient safety and the therapeutic environment of the secured inpatient facility. (Id.) The regulation is being amended to address the possession, viewing, and distribution of child pornography and other illicit materials by removing digital memory storage devices, other means of memory storage, specified digital media players, and digital media burners from the personal possession of patients. (Id.)

While Plaintiff contends that the regulation is not related to the legitimate goal of preventing child pornography, the evidence presented by Defendants demonstrates that patients at CSH have been and are continuing to obtain illegal materials, including child pornography. The regulation is seeking to remove those items on which a patient would be able to access, store and distribute such materials. Defendants have demonstrated that the regulation is targeted at removing the specific items that can be used by patients to engage in the prohibited conduct.

Plaintiff has not demonstrated that he is likely to prevail on his claim that section 4350 is overbroad by prohibiting items that have memory storage capability or are able to access the internet as these are the types of devices that would enable a patient to access and distribute child pornography which the regulation is enacted to prevent.

**c.      Limitation of Property in Possession**

Plaintiff also contends that the regulation is punitive because it limits the number of DVDs, CDs, DVD players, radios, and MP3 plyers that a patient may possess. Defendants counter that Plaintiff does not have a constitutional right to possess unlimited amounts of personal property. Defendants contend that prior to the implementation of the amended regulation, four of the five DSH hospitals limited patients to thirty discs. Defendants also argue that they have a legitimate health and safety concern that makes it unlikely that Plaintiff would succeed on this claim.

Simply because inmates retain certain rights does not mean that their rights are not subject to restrictions and limitations. Wolfish, 441 U.S. at 545. Lawful incarceration brings with it the withdrawal or limitation of many privileges and rights that are justified by considerations of the penal system. Id. at 546. "There must be a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Id. (quoting Wolff, 418 U.S. at 566). This principle applies equally to pretrial detainees and pretrial detainees do not

possess the full range of freedoms as an unincarcerated individual.  Wolfish, 441 U.S. at 546.  "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."  Id.

Here, while Plaintiff may only have 30 CDs or DVDs in his room, the regulation provides that he may store additional manufactured and unmodified CDs or DVDs in off-unit storage.  The California Code of Regulations provides that Non-LPS patients have the right to keep and use personal possessions as space permits, except items that are designated as contraband by the facility.  Cal. Code Regs. tit. 9, § 884(b)(1).  However, the hospital can deny such rights for good cause, which exists when the facility director determines that the exercise of the right would compromise the safety and security of the facility.  Cal. Code Regs. tit. 9, § (c)(3).

While Plaintiff is limited to having thirty DVDs or CDs in his possession at one time, he may keep additional CDs and DVDs in off unit storage.  The facility has a legitimate interest in managing the amount of property that a detainee has in his housing unit to ensure the safety and security of the staff and other detainees.  The Court finds that Plaintiff is not likely to prevail on his claim that limiting him to having thirty DVDs or CDs in his housing unit violates the Fourteenth Amendment.

2.    Plaintiff has not demonstrated that he is likely to prevail on his claims in this action

Based on the foregoing, Plaintiff has not demonstrated that he is likely to prevail on his claims in this action.  Although Plaintiff has failed to show likelihood of success on the merits, the Court shall address the remaining factors.

**B.    Likelihood that Plaintiff Will Suffer Irreparable Harm**

The Court also finds that Plaintiff has not demonstrated that he will suffer irreparable harm absent the issuance of injunctive relief.  To receive injunctive relief, Plaintiff must also show that irreparable injury is likely in the absence of an injunction.  Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1249 (9th Cir. 2013).

Plaintiff argues that the value of his storage media is beyond the cost of the media itself because he has court cases pending and once the information contained on the devices is confiscated he will have practically no way to pursue his legal cases.  However, DSH is providing each patient

1    with the opportunity to have their legal materials stored on a state issued thumb drive which is

2    available on a supervised check out basis.  (January 18, 2018 Memorandum from Brandon Price,

3    ECF No. 21-1 at 63-64.)

4        Plaintiff has not shown that he will suffer irreparable harm by the implementation of the

5    amendments to section 4350.

6        **D.    Factors Weigh in Favor of Denying Injunctive Relief**

7        Plaintiff does not address balancing the equities or the public interest in granting injunctive

8    relief.  Defendants argue that the harm from confiscation of Plaintiff's electronic devices is alleviated

9    because DSH has provided Plaintiff with a manner to retain and access his legal documents, a

10   computer lab for his legal work and treatment, and access to recreational devices.  Defendants also

11   argue that confiscation of computers and electronic devices of the civil detainees serves a significant

12   public interest of preventing SVPs from having contact with victims or finding new victims and

13   downloading and disseminating child pornography and other illicit materials.

14       In balancing the equities, "a court must balance the competing claims of injury and must

15   consider the effect on each party of the granting or withholding of the requested relief."  <u>N. Cheyenne</u>

16   <u>Tribe v. Norton</u>, 503 F.3d 836, 843–44 (9th Cir. 2007).  Here, Plaintiff has not demonstrated that he

17   will suffer any significant injury due to the implementation of section 4350.  If an injunction were

18   to be granted, Defendants would be impeded in their mission of stopping the cycle of child abuse

19   and preventing the victimization and re-victimization of children through the illicit activities by use

20   of personal computers and other electronic devices.  Further, the continued presence of child

21   pornography at CSH impedes Defendants' purpose of rehabilitation of SVPs.  This factor weighs

22   against issuing a preliminary injunction.

23       Finally, there is a strong public interest in protecting victims from re-victimization by the

24   dissemination of child pornography.  As Defendants argue, the harm to children and members of the

25   public by allowing ongoing access to child pornography cannot be alleviated or remedied.  The

26   significant public interest in preventing the victimization and re-victimization of children through

27   the dissemination of child pornography weighs against granting the relief requested.

28                                    **IV.**

## CONCLUSION AND RECOMMENDATION

For the reasons discussed, the Court finds that Plaintiff has not demonstrated that he is likely to succeed on the merits of his claims or that he will suffer irreparable injury due to the implementation of the amendments to section 4350.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2018**

_____
UNITED STATES MAGISTRATE JUDGE