# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>BRANDON PRICE, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00102-LJO-SAB (PC)<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS AND DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF Nos. 18, 22, 23, 26) |

Plaintiff Corey Williams, a civil detainee, is appearing *pro se* and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 ("§1983"). Plaintiff is a patient at Coalinga State Hospital ("CSH") awaiting a civil commitment hearing pursuant to California's Sexually Violent Predator Act ("SVPA"), California Welfare & Institutions Code § 6600 *et. seq*.[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 18, 2018, the Magistrate Judge filed findings and recommendations ("F&Rs") recommending dismissing certain claims in the first amended complaint ("FAC") for failure to state

---

[1] A sexually violent predator ("SVP") is an individual previously "convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code. § 6600(a)(1).

a claim. ECF Nos. 17-18. The F&Rs were served on Plaintiff and contained notice that any objections were to be filed within thirty days from the date of service. *Id.* On May 18, 2018, Plaintiff filed objections to the F&Rs. ECF No. 23. Additionally, on May 15, 2018, the Magistrate Judge filed F&Rs denying Plaintiff's motion for a preliminary injunction, ECF No. 22, and Plaintiff filed objections on July 5, 2018. ECF No. 26.

## I. BACKGROUND

Plaintiff brings this § 1983 action against Brandon Price, Executive Director of CSH, and Pam Ahlin, Director of the Department of State Hospitals ("DSH"), in their personal and official capacities alleging that recent revisions to section 4350 of Title 9 of the California Code of Regulations ("§ 4350") violate his constitutional right to own and possess certain electronic property. Cal. Code Regs. tit. 9, § 4350. On December 22, 2017, DSH submitted an emergency regulation to amend § 4350, and the Office of Administrative Law ("OAL") approved the emergency regulation with an effective date of January 12, 2018. FAC at 24, Ex. A. It is alleged that Defendant Ahlin signed and submitted the newly revised § 4350 to the OAL and that Defendant Price is responsible for the implementation of the newly revised § 4350 at CSH. FAC at 1-2. The emergency regulation was justified due to the "epidemic of child pornography" at CSH. FAC at 8. On January 12, 2018, Plaintiff received a memorandum from Defendant Price regarding the emergency regulation. FAC at 2-3, Ex. A. The memorandum informed the patients at CSH that certain electronic devices were contraband and that implementation of the new regulation would begin in several weeks. *Id.* On January 18, 2018, Defendant Price issued another memorandum about implementing phase one of the emergency regulation which stated that between January 19 and January 28, 2018, there would be an "amnesty program," where patients can voluntarily turn in items that violate § 4350 for destruction without fear of being charged with a crime, and there would be a "voluntary turn-in program," where patients can voluntarily turn in items to be searched and mailed out; patients in this program are required to sign a consent for search and would not be granted amnesty if illegal material was found while searching. FAC at 27, Ex. B. The stated goal of phase one was "to gain voluntary compliance." On March 23, 2018, Defendant Price issued a clarification on what items are allowable and what items are contraband under § 4350. FAC at 30, Ex. C.

Plaintiff's claims are briefly summarized as follows: Plaintiff alleges that the amendments to § 4350 (in conjunction with the implementation of the amendments) violate his constitutional rights. The amendments to § 4350 newly prohibit possession of certain electronic items, including items with digital memory storage capability. Plaintiff alleges that on January 22, 2018, pursuant to the amendments, unnamed Defendants confiscated his property, including his Android tablet, Xbox 360, video monitor, radio, graphing calculator, wireless and wired headphones, controllers, keyboards, power supplies and batteries, and numerous CDs/ DVDs/BluRays. FAC at 7. Some of these items were not specifically prohibited by § 4350 but by Price's proceeding implementation memoranda. *Id.* As a result of the confiscation of his electronic storage media, Plaintiff no longer has access to information and documents pertaining to two pending legal actions in this District. *Id.* at 14. He also alleges that a wide array of property was confiscated that went far outside the scope of § 4350, including food items, etc. *Id.*[2]

Additionally, under § 4350(e) of the regulation,[3] Plaintiff must consent to a search of the confiscated items under the regulation to have them sent to a designated person or have the items destroyed. FAC at 6. Plaintiff contends that he is given a "Hobson's Choice" to waive his Fourth Amendment rights and submit to a search or have his property summarily destroyed. *Id.* Somewhat confusingly, Plaintiff also alleges that Department of Police Services Sergeant Jones told Plaintiff, along with a group of Unit 8 patients, that all confiscated patient property was "booked into evidence"

---

[2] Specifically, Plaintiff alleges unnamed Defendants confiscated the following items that were outside the scope of § 4350: food items, utensils, bowls, plates, papers, legal work, cord, power supplies, batteries, powder drink mixes, toiletries, soap deodorant, toothbrushes, pens, instant coffee, condiments, etc. FAC at 7.

[3] Section 4350 (e) provides:
> While this section is being enforced initially as an emergency regulation, patients who are currently in personal possession of, store, or otherwise have access to any of the contraband items set forth in subsection (a) may grant permission to the Department for the item to be reviewed for illegal material …, other than documents protected by attorney/client privilege. Such a search for illegal material must be granted to and conducted by the hospital. If consent is granted by the patient and there is no illegal material found on the contraband items set forth in subsection (a), the item shall be mailed to a location designated by the patient. If consent is not granted by the patient to search the contraband items set forth in subsection (a), the hospital shall destroy the contraband item.

Cal. Code Regs. tit. 9, § 4350(e).

and that all the property would be searched for illegal materials whether or not consent to the search was given. *Id.* at 10. Plaintiff alleges that the regulation and the implementation violates his First, Fourth, Fifth and Fourteenth Amendment rights (both substantive and procedural). *Id.* at 19-20. Plaintiff seeks injunctive and declaratory relief. *Id.* at 2.

The F&Rs recommend dismissal of all claims except certain aspects of the Fourteenth Amendment claims. ECF No. 18 at 20.

## II. **DISCUSSION**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court adopts the F&Rs' findings that Plaintiff cannot state First, Fourth, or Fifth Amendment claims against Defendants. ECF No. 18 at 11-12, 13-17, 19.[4] The Court also adopts the F&Rs' finding dismissing all individual capacity claims. As to the official capacity claims, the Court adopts the F&Rs' finding that certain aspects of the Fourteenth Amendment claims are cognizable as discussed herein. The Court does not adopt the F&Rs' finding that the declaratory relief should be dismissed at this stage. Lastly, the Court adopts the F&Rs' findings denying Plaintiff's motion for a preliminary injunction and addresses Plaintiff's objections herein. ECF No. 22.

With respect to the Fourteenth Amendment claims, the Court offers the following clarification on the surviving claims. The Fourteenth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process.[5]

---

[4] With respect to Plaintiff's Fourth Amendment claim, the Court adds that while Plaintiff alleges that his property has been confiscated, he does not allege his property was searched – to the contrary Plaintiff stated that he "refused to voluntarily waive his constitutional rights [and] submit to an illegal unwarranted search." FAC at 15.

[5] "It is axiomatic that procedural protections must be examined in terms of the substantive rights at stake. But identifying the contours of the substantive right remains a task distinct from deciding what procedural protections are necessary to protect that right. '[T]he substantive issue involves a definition of th[e] protected constitutional interest, as well as identification of the conditions under which competing state interests might outweigh it. The procedural issue concerns the minimum procedures required by the Constitution for determining that the individual's liberty interest actually

## A. SUBSTANTIVE DUE PROCESS CLAIM

Plaintiff contends that the regulation restricting certain electronic devices and the corresponding implementation amounted to a denial of substantive due process because it constituted punitive conditions of confinement and could be achieved through less-restrictive means. FAC at 19-20. He alleges that the conditions he is confined under are more restrictive than those of Pleasant Valley State Prison where patients are allowed to purchase and own Xbox 360s and Play Stations and also have cable hook ups available. FAC at 16. Plaintiff further alleges that although § 4350 allows possession of his particular Xbox 360 model, Defendant Price has indicated all models are contraband in his implementation memorandum. FAC at 16-17. Plaintiff also contends that he is a college student actively pursuing a degree in mathematics and the prohibition on his graphing calculator is too broad under § 4350 since it has no internet capability. FAC at 17. Lastly, Plaintiff contends that § 4350 is unconstitutional and overbroad as far as it applies to law abiding patients, such as himself, to the extent it prohibits devices that have no internet capability. FAC at 19.[6]

"[T]he due process clause includes a substantive component which guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." *Halverson v. Skagit Cty.*, 42 F.3d 1257, 1261 (9th Cir. 1994), *as amended on denial of reh'g* (Feb. 9, 1995) (quoting *Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 882 F.2d 1398, 1407 (9th Cir.1989)). To determine whether conditions of confinement of civilly committed individuals violate the constitution, courts look to the substantive due process clause of the Fourteenth Amendment. *Youngberg v. Romeo,* 457 U.S. 307, 321-22 (1982); *Jones v. Blanas*, 393 F.3d 918, 931-34 (9th Cir. 2004).[7] "The Fourteenth Amendment

---

is outweighed in a particular instance.'" *Washington v. Harper*, 494 U.S. 210, 220 (1990) (quoting *Mills v. Rogers*, 457 U.S. 291, 299 (1982)).

[6] Specifically, Plaintiff contends that § 4350 is overbroad as applied to him since he has been law abiding while at CSH (since 2006) and argues that individuals who violate the law, *i.e.* possess child pornography, should be dealt with on an individual basis since less than 1% of the patient population at CSH is engaged in illegal activity. FAC at 8, *see also* FAC Ex. A.

[7] As explained in the F&Rs, in *Youngberg,* the Supreme Court held that civilly committed persons do have constitutionally protected interests, but that these rights must be balanced against the reasons put forth by the State for restricting their liberties. *Youngberg*, 457 U.S. at 320-21. Moreover, "due

requires that civilly committed persons not be subjected to conditions that amount to punishment, within the bounds of professional discretion." *Hydrick*, 500 F.3d at 997 (internal citations omitted); *Jones,* 393 F.3d at 931-34 ("a civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive").

Substantive due process is violated if restrictions are "imposed for the purpose of punishment." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002) (quoting *Bell*, 441 U.S. at 535). "[P]unitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless excessive in relation to the alternative purpose, or are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 932 (internal citation and quotation marks omitted). Stated in a different way, to be permissible, confinement restrictions must (1) have a legitimate, non-punitive purpose and (2) not appear excessive in relation to that legitimate governmental purpose. *Bell*, 441 U.S. at 538-39; *Valdez* ("There is no constitutional infringement, however, if restrictions are but an incident of some other legitimate government purpose"). The Ninth Circuit has held, that because SVPs have been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to the health and safety of others, legitimate nonpunitive government interests include maintaining jail security and effective management of a detention facility. *Jones,* 393 F.3d at 932.

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests…" *Turner v. Safley*, 482 U.S. 78, 89-90 (1987). In *Turner*, the Supreme Court set forth four factors relevant to determining the reasonableness

---

process requires that the conditions and duration of confinement [for civilly confined persons] bear some reasonable relation to the purposes for which persons are committed." *Jones*, 393 F.3d at 933 (quoting *Seling v Young*, 531 U.S. 250, 265 (2001)); *see also Bell v. Wolfish*, 441 U.S. at 545-46 ("A detainee simply does not possess the full range of freedoms of an unincarcerated individual" because "[t]he fact of confinement as well as the legitimate goals and policies" of the institution limit constitutional rights). "[T]he Eighth Amendment still provides a floor for the level of protection that SVPs must receive under the Fourteenth Amendment, and because the contours of the Eighth Amendment are more defined, Eighth Amendment jurisprudence may provide helpful guidance as to the standards to be applied. *Hydrick v. Hunter*, 500 F.3d 978, 998 (9th Cir. 2007), *cert. granted, judgment vacated on other grounds,* 556 U.S. 1256 (2009).

of a regulation at issue: (1) whether there is a valid, rational connection between the regulation and the legitimate governmental interest used to justify the regulation; (2) whether prisoners retain alternative means of exercising the right at issue; (3) the impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and (4) whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests. *Beard v. Banks*, 548 U.S. 521, 529 (2006) (citing *Turner*, 482 U.S. at 89-91).[8]

The Ninth Circuit previously held in an unpublished disposition that SVPs challenging the prior version of § 4350 which only banned a smaller subset of electronic devices than is at issue in the amended emergency regulation,[9] sufficiently pleaded a confinement claim under the substantive due process clause of the Fourteenth Amendment. *Allen v. Mayberg*, 577 F. App'x at 730, 732 (9th Cir. 2014); *see also Hydrick*, 500 F.3d at ("If plaintiffs allege conduct that sinks below protections afforded prisoners under the Eighth Amendment, their claim certainly states a violation of their rights under the Fourteenth Amendment"). Plaintiff alleges that the conditions at CSH are more restrictive than those imposed on prisoners after implementation of the amendments to § 4350. Additionally,

---

[8] The *Turner* analysis applies to all circumstances where a prison regulation implicates a constitutional right and not just to a First Amendment challenge at issue in that case. *See Washington v. Harper*, 494 U.S. 210, 224 (1990) ("We made quite clear that the standard of review we adopted in *Turner* applies to all circumstances in which the needs of prison administration implicate constitutional rights.").

[9] The regulation that the Ninth Circuit previously addressed banned electronic devices capable of connecting to a wired or wireless network, including devices that could be modified for network communication. *See Allen*, 577 F. App'x at 730-31. The prior regulation listed "[s]ome examples" of prohibited devices, including "desktop computers, laptop computers, cellular phones, electronic gaming devices, personal digital assistant (PDA), graphing calculators, and radios (satellite, shortwave, CB and GPS). *Id.* The amended regulation additionally bans electronic devices with digital memory storage capability, more explicitly and specifically describes the types of electronic devices that are prohibited and permitted under the regulation, and provides a process for disposing of the contraband electronics. Cal. Code Regs. tit. 9, § 4350. After the first version of § 4350 went into effect in 2010, it was apparently subject to a voluntary moratorium until 2018 because it was the subject of consistent litigation. *Saint-Martin v. Price*, No. 118CV00123, 2018 WL 2716907, at *4 (E.D. Cal. June 6, 2018) ("observing that these regulations were first adopted in 2009 and made permanent in 2010, but were subject to a voluntary moratorium until 2018 because they were the subject of consistent litigation by patients at CSH–Coalinga").

the factual content of Plaintiff's claim is similar to those in *Allen*, in that Plaintiff alleges that he has had electronic items confiscated that cannot access the internet and do not have storage capability such that confiscation of such those items violates due process. He further alleges that he has had certain newly prohibited items for more than 10 years without a problem and § 4350 is overly broad since it is not targeted to individuals who have been found to possess illegal material.[10] While Plaintiff alleges that the provided justification for the amended regulation is the "epidemic of child pornography," he claims that the amendment sweeps wider than is necessary to address this alleged legitimate purpose, including, for example, by confiscating his graphing calculator which he is using to pursue a mathematics degree. FAC at 8, 17. Relatedly, Plaintiff appears to allege that there is no legitimate non-punitive reason to ban items that have no internet connectivity or storage capability. The F&Rs find that Plaintiff has stated a cognizable claim that the regulation may be overly broad in relation to the stated legitimate, non-punitive purpose and relatedly that the deprivation of property may be excessive in relation to the legitimate, non-punitive purpose.[11] The Court interprets the F&Rs as finding that Plaintiff has stated a punitive conditions of confinement claim under the substantive due process clause of the Fourteenth Amendment. The Court agrees with the F&Rs that while the Defendants ultimately may be able to provide reasonable justifications for § 4350's additional prohibitions on electronic devices, *see Allen*, 577 F. App'x at 732, Plaintiff has alleged sufficient facts to state a cognizable condition of confinement claim that § 4350 may be excessive in relation to the government purpose.

---

[10] In *Allen*, which involved the consolidation of several detainee cases in relation to the prior version of § 4350, the Ninth Circuit described the following allegations as sufficient to state a Fourteenth Amendment confinement claim: "Robinson's third amended complaint alleges that defendants confiscated his electronic devices without justification. Frazier's complaint alleges that neither his laptop computer nor his Play Station Portable game system can access the internet and confiscation of them violates his due process rights. Frazier's complaint also states that patients had laptop computers for more than three years without problems and identified alternative methods for CSH to ensure that patients do not illicitly use electronic devices. Allen and DeBerry make similar allegations and contend that defendants confiscated all electronic devices instead of prosecuting patients who violated procedures in place." *Allen*, 577 F. App'x at 732.

[11] Claims that challenge a prison regulation such as these are properly analyzed within the framework set forth under *Turner*. *See Valdez*, 302 F3d at 1048.

Accordingly, the Court adopts the F&Rs recommendation that the FAC can proceed on Fourteenth Amendment substantive due process claim.

## B. PROCEDURAL DUE PROCESS CLAIM

The right to *procedural* due process prohibits the government from depriving an individual of a liberty or property interest without first following the proper procedures. *See, e.g.*, *Wolff v. McDonnell*, 418 U.S. 539, 558-66(1974). "The due process clause does not prohibit every deprivation by the state of an individual's property. Only those deprivations carried out without due process are actionable under 42 U.S.C. § 1983. 'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing *prior* to the deprivation of a significant property interest.'" *Halverson*, 42 F.3d at 1260 (quoting *Sinaloa Lake Owners Ass'n*, 882 F.2d at1405). The Court interprets the F&Rs as addressing three variations of procedural due process claims in the FAC. First, Plaintiff challenges not receiving notice and an opportunity to comment on the emergency regulation before it went into effect. Second, Plaintiff challenges the confiscation of certain property that was beyond the scope of § 4350. Third, the Plaintiff challenges the authorized confiscation of certain property pursuant to the implementation of § 4350.

### 1. <u>Notice of Emergency Regulation Before Implementation</u>

To the extent the FAC alleges that the Plaintiff was denied procedural due process because the amendments to § 4350 were implemented without notice of the change in the regulation to the patients in the hospital, FAC at 11, the Court agrees with the F&Rs that such a claim is not cognizable. *See* ECF No. 18 at 10-11. "Where the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." *Halverson*, 42 F.3d at 1260. Governmental action is "legislative in nature" where governmental decisions affect "large areas and are not directed at one or a few individuals" *Id.* at 1260-61. Such governmental decisions "do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient." *Id.* at 1261. Here, the regulation applies to all individuals that are detained in DSH and notice and an opportunity to comment was provided on December 22, 2017. ECF No. 1 at 34-47. Accordingly, the general notice

provided by the emergency regulation was sufficient for procedural due process purposes.[12]

### 2. **Unauthorized Deprivation of Property**

Second, taking the allegations in the FAC in the light most favorable to Plaintiff, Plaintiff also contends that the new regulation as applied to him deprived him of property outside the scope of § 4350 without proper procedural due process. As the F&Rs explained, random, unauthorized deprivations of property do not "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To the extent Plaintiff claims that some of his property has been confiscated that goes beyond the scope of § 4350, such as food items, utensils, paper and toiletries, etc., FAC at 7, this is not a cognizable claim since such confiscations were unauthorized by § 4350 and there is an adequate state remedy for such deprivations. *Hudson*, 468 U.S. at 533 ("[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available"); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California Law provides an adequate post-deprivation remedy for any property deprivations") (citing Cal. Gov't Code §§ 810-895).[13]

### 3. **Authorized Deprivation of Property Pursuant to § 4350**

Lastly, Plaintiff also contends that the new regulation as applied to him deprives him of property prohibited under § 4350 (or at least confiscated under the auspices of § 4350) without any procedural due process, *i.e.* notice and a hearing prior to confiscating and potentially destroying such property if consent to a search is not given. In this regard, Plaintiff also alleges that his property has been confiscated without any kind of determination that the items are prohibited under § 4350 since he alleges that certain electronic items have been confiscated that are not prohibited under § 4350 but are prohibited pursuant to the implementation letter from Defendant Price. To the extent Plaintiff attempts to state that there has been a state authorized deprivation of his property pursuant to § 4350

---

[12] The notice of the emergency regulation was attached to Plaintiff's original complaint. ECF No. 1.

[13] The "post-deprivation rule" does not apply to claims alleging a deprivation of a right guaranteed by the substantive due process clause. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

that violates his procedural due process rights, such a claim is actionable in theory. *See Hudson*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan*, 455 U.S. at 436.[14]

To state a procedural due process claim, Plaintiff must allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir.1993)); *Rotroff v. Ahlin*, No. 1:09CV02021, 2010 WL 2902502, at *8 (E.D. Cal. July 22, 2010) ("The first step in examining a procedural due process question is to determine whether there is a protected interest at issue. If there is no protected interest, then the procedural protections of the Due Process Clause do not attach") (collecting cases). "The procedural guarantees of the Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake" and "[p]roperty interests are created by state law." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. . . . [The person] must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). SVPs have a protected interest in their personal property. *See Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed. . . . [T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff*, 418 U.S. at 556 (citations omitted). In the institutional setting, the procedural due process clause is violated only when an agency "prescribes and enforces forfeitures of property '[w]ithout underlying [statutory] authority and competent procedural protections.'" *Greene*, 648 F.3d at 1019 (quoting

---

[14] With respect to Plaintiff's allegation that Defendant Price's implementation memorandum went beyond the scope of § 4350, such actions are still considered an "authorized" deprivation of property and therefore the post-deprivation rule also does not apply to preclude Plaintiff's procedural due process claims in this regard. *See Honey v. Distelrath*, 195 F.3d 531, 534 (9th Cir. 1999).

*Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)).[15]

The first question relevant to whether Plaintiff has stated a procedural due process claim is whether he has a constitutionally protected property interest in his electronic devices. The F&Rs found "since Plaintiff can mail his property to a location of his choice, he will retain ownership of the items[,]" and therefore "no deprivation has occurred and no protected property rights have been implicated" and no process is due. ECF No. 18 at 10. However, Plaintiff's objections state he has no one to send his property to and will therefore be deprived not only of the possessory interest in his property but also of his ownership in this property. ECF No. 23 at 3. Other cases have found that SVPs and inmates have no constitutionally protected property interest in their electronic devices with minimal elaboration. *Graham v. Sharp*, No. CIV.A. 10-5563, 2011 WL 2491347, at *16 (D.N.J. June 20, 2011) (SVP had "not demonstrated a constitutionally-recognized property interest in the continued possession of unrestricted electronic devices necessary to satisfy the threshold requirement of a deprivation of property interest[,]" therefore dismissal of procedural due process claim was appropriate); *see Allen v. King*, No. 106CV01801, 2016 WL 4386186, at *7 (E.D. Cal. Aug. 16, 2016) ("Because Plaintiffs cannot demonstrate that they have a constitutionally protected property interest in owning their own electronic devices, any claim that Defendants violated their procedural due process rights must fail as a matter of law");[16] *Schrubb v. Tilton*, No. C-08-2986, 2014 WL 4129577,

---

[15] In this regard, Plaintiff does not allege that DSH does not have underlying statutory authority to implement the regulations at issue here. Mirroring the analysis in *Greene*, which pointed to a Nevada law allowing for the regulation of personal property of offenders, California law provides DSH with "general control and direction of the property and concerns of each state hospital" and mandates DSH to establish rules "as it deems necessary and expedient for regulating the duties of officers and employees of the hospital, and for its internal government, discipline, and management." Cal. Welf. & Inst. Code § 4109; *see also* Cal. Welf. & Inst. Code § 4005.1 (DSH "may adopt and enforce rules and regulations necessary to carry out [its] duties under this division"); Cal. Welf. & Inst. Code § 4027 (DSH "may adopt regulations concerning patients' rights and related procedures applicable to the inpatient treatment of mentally ill offenders receiving treatment…"); Cal. Welf. & Inst. Code § 7295 ("To ensure safety and security" DSH "may develop a list of items that are deemed contraband and prohibited on hospital grounds and control and eliminate contraband on hospital grounds").

[16] In *Allen*, the district court dismissed SVPs' procedural due process claims finding that "no case law exists to support a claim that Plaintiffs have a liberty interest in computers or gaming equipment, such that it would be protected by procedural due process." *Allen v. Mayberg*, No. 1:07-CV-00427, 2012 WL 3911231, at *6 (E.D. Cal. Sept. 7, 2012), *aff'd in part, rev'd in part,* 577 F. App'x 728 (9th Cir. 2014). The Ninth Circuit reversed the dismissal of the substantive due process condition of

12

at *5 (N.D. Cal. Aug. 21, 2014), *aff'd*, 633 F. App'x 380 (9th Cir. 2016) ("Plaintiff does not cite any state law or prison regulation that authorizes or entitles him to possess personal property in prison.[] Therefore, Plaintiff does not have a legitimate claim of entitlement to possess personal property in prison"); *see also* ECF No. 18 at 10 (collecting cases).

However, the most analogous Ninth Circuit case addressing this issue provides a different approach. In addressing the first prong of procedural due process analysis, the Ninth Circuit in *Greene* stated that "[p]roperty interests are created by state law" and found an inmate did have a protected property interest in his confiscated typewriter because Nevada had a law which recognized "personal property," which includes "money, goods, [and] chattels." *Greene*, 648 F.3d at 1019 (citing Nev. Rev. Stat. §§ 10.045, 10.065). While Plaintiff has not identified any state law or regulation that authorizes or entitles him to possess personal property while at CSH, California state law, much like the Nevada law identified in *Greene*, recognizes "property" to include "personal property" such as "money, goods, [and] chattels." Cal. Civ. Proc. Code § 17(b)(8). Pursuant to the reasoning in *Greene*, it appears that Plaintiff may have a protected property interest in his electronic devices pursuant to California state law despite the cases cited in the F&Rs that have found otherwise. *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir. 2012) (discussing *Greene* as finding that typewriter constituted a chattel and therefore there was a property interest in it).[17] The case for finding a

---

confinement claim but did not address the dismissal of the procedural due process claim. 577 F. App'x at 732. The district court granted summary judgment on the substantive due process condition of confinement claim finding that Plaintiffs did not provide evidence that the prior version of § 4350 "is excessive in relation to its legitimate, non-punitive government purposes of maintaining staff and patient safety, as well as effectively managing the hospital and its limited resources." *Allen*, 2016 WL 4386186, at *11 (E.D. Cal. Aug. 16, 2016). The decision is currently pending on appeal.

[17] *Lavan* dealt with determining whether homeless individuals had a protected property interest in the continued ownership of their unattended personal possessions under the Fourth and Fourteenth Amendment and stated "California law recognizes the right of ownership of personal property, a right that is held by '[a]ny person, whether citizen or alien.'" 693 F.3d at 1032 (citing Cal. Civ. Code §§ 655, 663, 671). The Court separately notes that although the F&Rs did not specifically address the seizure aspect of Plaintiff's Fourth Amendment claim, a "reasonable expectation of privacy is not required in order to trigger Fourth Amendment protection against seizures[,]" all that is needed is unreasonable interference in property interests. *Id.* at 1028. However, consistent with the F&Rs, the nature of confinement in an institution such as CSH makes the seizure of prohibited items, which may contain illegal material such as child pornography, reasonable given the interest in maintaining institutional security. Nonetheless, a temporary deprivation of a possessory interest in property which

protected property right is somewhat more compelling in this case because, as a result of Plaintiff's assertion that he has nowhere to send his property, the alleged deprivation is to his ownership of personal property, rather than to his mere possession of that property. However, even assuming *arguendo* that Plaintiff had a protected property interest in his ownership of electronic devices, he fails to allege a procedural due process claim because he cannot show that he did not receive adequate due process.

In *Greene*, the Ninth Circuit found that where "prison officials enacted a system-wide ban [of typewriters] with no exceptions[,]" procedural due process did not require an individual pre-deprivation hearing where inmate "was notified of the change in the regulation and given an adequate opportunity to comply with it." *Greene*, 648 F.3d at 1019. The Ninth Circuit held "[w]ith respect to the personal property of prisoners, that is all the process that is due." *Id.* [18] Here, Plaintiff has alleged that he has received notice of the change in regulation and, from the various implementation memorandum attached to the FAC, it appears he has also been given an adequate opportunity to comply with it. The crux of Plaintiff's claim is a substantive due process violation not a procedural due process violation. [19]

---

becomes permanent by destruction of such property may implicate Fourth Amendment protections against unreasonable seizures. *Id.* at 1030. Here, there is no allegation that Plaintiff's property has been destroyed, therefore the issue is not properly before the Court.

[18] In *Greene,* the Ninth Circuit affirmed the grant of summary judgment on a procedural due process violation in a case where the Nevada Department of Corrections ("NDOC") prohibited inmates' possession of typewriters after a murder involving a weapon fashioned from the roller pin of a typewriter. The NDOC allowed inmates to ship their typewriters out of the prison, donate the typewriter to charity, or have the typewriter destroyed. The Court found that the regulation prohibiting typewriters did not violate the procedural due process clause because it was a system wide ban with no exceptions, the enactment fell within NDOC's statutory authority, and while NDOC did not offer an individual pre-deprivation hearing, plaintiff was notified of the change in the regulation and given an adequate opportunity to comply with it.

[19] If Plaintiff succeeds on the substantive challenge, the procedural due process claim will be moot, *i.e.* if the confiscation of certain items is determined to be a violation of the Plaintiff's substantive due process rights, the issue of a hearing would be irrelevant. *See, e.g.*, *Wright*, 219 F.3d at 913-14. Additionally, "[i]f prison officials have incorrectly…determin[ed] that property is unauthorized, and confiscate or destroy property on that basis, the violation is not one of [procedural] due process but instead of the deprivation itself…[and] an inmate's recourse is not a constitutional claim in federal court, but instead an action in state court." *Reece v. Shepherd*, No. 314CV00192, 2015 WL 5813243, at *5 (D. Nev. Oct. 5, 2015) (granting summary judgment on inmate's procedural due process claim

In an abundance of caution, however, the Court grants Plaintiff leave to amend this last version of his procedural due process claim in the event that Plaintiff can allege facts that would tend to demonstrate that he was somehow not provided adequate process during the implementation of § 4350, pursuant to the holding in *Greene*. 648 F.3d at 1019.

Accordingly, the Court adopts the F&R's findings that Plaintiff has not adequately stated any of the three addressed versions of his procedural due process claim. As to the procedural due process claim concerning the authorized deprivation of his personal property, the Court grants Plaintiff leave to amend the claim.

### C. DECLATORY RELIEF

The Court declines to adopt the F&Rs recommendation dismissing Plaintiff's request for declaratory relief. In dismissing the prayer for declaratory relief, the F&Rs indicate that "[i]n the event this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated" and therefore "a declaration that any defendant violated Plaintiff's rights is unnecessary in this action." ECF No 18 at 18. (citing *U.S. v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985) ("[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.")). However, the Court finds that "[i]t is premature at the pleading stage to eliminate a potential remedy should plaintiffs prevail in this litigation." *Johnson v. Shasta Cty.*, 83 F. Supp. 3d 918, 933 (E.D. Cal. 2015) (collecting cases); *see, e.g.*, *Woodard v. Haviland*, No. 2:11-CV-01807, 2014 WL 950458, at *11 (E.D. Cal. Mar. 11, 2014), *report and recommendation adopted*, No. 2:11-CV-01807, 2014 WL 1330572 (E.D. Cal. Apr. 1, 2014) ("it does not further judicial efficiency to strike the relief sought at this juncture and essentially eliminate a potential remedy for the trial judge if plaintiff prevails"); *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 968 (N.D. Cal. 2015) ("Because Plaintiff's substantive claims are adequately pled, so too is her claim for declaratory relief"); *Ybarra v. Reno Thunderbird Mobile*

---

for confiscation of property because record indicated that "process exists [through grievance procedure] by which plaintiff could have contested [correctional officer's] decision to confiscate the unauthorized property, plaintiff was afforded due process" and the "constitutional claim necessarily fails").

15

*Home Vill.*, 723 F.2d 675, 681 (9th Cir. 1984) ("A declaratory judgment may be appropriate in a civil rights case in addition to injunctive relief or damages"). Accordingly, the Court declines to adopt the F&Rs dismissal of declaratory relief.

### III. PRELIMINARY INJUNCTION

On the same day that Plaintiff filed his complaint, Plaintiff also made a motion for preliminary injunction to prevent the confiscation of his electronic storage media pursuant to § 4350, arguing he would suffer irreparable harm. ECF No. 3. For the reasons stated therein, the Court also adopts the F&Rs' recommendation that Plaintiff's motion for preliminary injunction be denied. ECF No. 22.

### IV. PLAINTIFF'S OBJECTIONS

Plaintiff has three objections to the F&Rs relating to dismissal of certain claims. ECF No. 23. Plaintiff first objects that the Magistrate Judge erroneously stated that he can still purchase Xbox 360s and Play Station 2s from approved vendors. ECF No. 23 at 2. Plaintiff states that he was "previously allowed" to purchase these items but Defendant Price's memorandum and his choice of implementation now prohibits these items and creates a condition of confinement that is more restrictive than those California State Prisoners are subjected to. *Id.*; ECF No. 17, Exhibit C. The objection is irrelevant since the Magistrate Judge found that Plaintiff sufficiently stated a cognizable Fourteenth Amendment conditions of confinement claim against Defendants Ahlin and Price based on the amendments to § 4350.

Secondly, Plaintiff objects to the F&Rs with respect to the finding that Plaintiff's property rights were not violated. It is unclear if Plaintiff objects to the dismissal of the Fifth Amendment taking claim. ECF No. 23 at 3. Plaintiff argues that he purchased property for immediate use and that Defendants have taken Plaintiff's property for a public purpose.[20] With respect to the Fourteenth Amendment procedural due process claim, he further states that allowing mailing to a third party deprives him of ownership of his property because he does not have a third party to mail his property

---

[20] While Plaintiff objects that Defendant has taken Plaintiff's property for some public purpose, ECF No. 23 at 3, the first amended complaint seems to concede that this is not a viable claim: "Had Plaintiff had access to the law library, he would have discovered some of these deficiencies. Specifically, that he could not proceed with a claim under the Takings Clause of the Fifth Amendment…" ECF No. 17 at 13.

to and he therefore will effectively lose his property. Plaintiff does not raise any cognizable legal arguments that his Fifth Amendment claims should not be dismissed. To the extent that he argues that he has been deprived of property because his property will be destroyed in violation of the Fourteenth Amendment, this Order finds that irrespective of whether Plaintiff has been deprived a protected property interest, the Ninth Circuit's holding in *Greene* controls and Plaintiff has received all the process that is due under due process clause. *Greene*, 648 F.3d at 1019. Accordingly, Plaintiff has not stated a cognizable claim procedural due process claim. Nevertheless, the Court has granted Plaintiff a final opportunity to amend this claim.

Plaintiff lastly objects to the recommendation that he has failed to state a claim for access to the courts. ECF No. 23 at 4. However, as the Magistrate Judge found, Plaintiff has failed to allege that he suffered an actual injury in the pursuit of a litigation. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (finding that an access to courts claim requires an actual injury). "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989), *overruled on other grounds by Lewis*, 518 U.S. at 350; *Jones*, 393 F.3d at 936 (discussing examples of injury "such as inability to file a complaint or defend against a charge" which stemmed from restrictions imposed). Additionally, Plaintiff's objections argue that the lock-down delayed Plaintiff from filing for an emergency review of the emergency regulation. The FAC alleges that the lock-down occurred on January 13, 2018. FAC at 12. At some point no later than January 22, 2018, Plaintiff filed his hand-written complaint and as such Plaintiff has not alleged that this delay caused Plaintiff any "actual injury." ECF No. 1. Nor is there a "minimum requirement" to provide Plaintiff with access to the court as far as being able to type his briefs rather than telephonically dictate or handwrite them. *See, e.g. Sands*, 886 F.2d at 1169 (constitution does not require typewriters be made available to inmates). The F&Rs addressed Plaintiff's other contentions with respect to this claim and the Court agrees that Plaintiff has not stated a claim for denial of access to the courts.

Plaintiff also filed objections with respect to the F&Rs' recommending denial of the motion for preliminary injunction. ECF No. 26. The objections do not address or discuss any of the factors or standards relevant to whether granting the "extraordinary remedy" of a preliminary injunction is appropriate. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). Instead,

Plaintiff makes further arguments and repeats allegations concerning his claims that the § 4350 is overbroad and imposes restrictions on him that are more onerous than those imposed on prisoners.[21] These contentions have already been addressed in depth in the F&Rs and warrant no further discussion, particularly given that the F&Rs found his Fourteenth Amendment substantive due process claim cognizable.

## V. **CONCLUSION AND ORDER**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed April 18, 2018, dismissing certain claims, are ADOPTED IN PART (ECF No. 18);
2. Plaintiff has stated a cognizable claim against Defendants Ahlin and Price in their official capacity for Fourteenth Amendment substantive due process condition of confinement claim relating to implementation of the amendments to § 4350;
3. The Court grants Plaintiff leave to amend his Fourteenth Amendment procedural due process claim as described herein. Within thirty (30) days from the date of service of this Order, Plaintiff must:
    a. File an amended complaint curing the deficiencies with respect to the procedural due process claim identified by the Court in this Order, or
    b. Notify the Court in writing that he wishes to stand on his first amended complaint as written;
4. The individual capacity claims are dismissed for failure to state a claim;
5. All other claims are dismissed for failure to state a claim;
6. The Court declines to dismiss Plaintiff's request for declaratory relief; and

---

[21] In his objections, Plaintiff adds a further grievance with respect to the amendments to § 4350 (d), stating that allowing legal material to be kept on storage devices that are kept by Defendants is particularly troubling and deprives Plaintiff of confidential correspondence with his attorney and makes it impossible to pursue his legal actions.

7. The findings and recommendations filed on May 15, 2018, denying Plaintiff's motion for preliminary injunction, are ADOPTED IN FULL (ECF No. 22).

IT IS SO ORDERED.

Dated: **July 19, 2018**         **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE