# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| COREY WILLIAMS, | Case No. 1:18-cv-00102-LJO-SAB (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS WITHOUT LEAVE TO AMEND AND THAT THIS ACTION PROCEED AGAINST DEFENDANTS ON THE COGNIZABLE CLAIMS |
| v. | |
| BRANDON PRICE, et al., | |
| Defendants. | |
| | (ECF No. 31) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

On January 22, 2018, Corey Williams ("Plaintiff"), a civil detainee appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 filed this action. (ECF No. 1.) On March 7, 2018, Plaintiff's complaint was screened by the assigned magistrate judge and Plaintiff was ordered to either file an amended complaint or notify the Court that he wished to proceed on the claims found to be cognizable. (ECF No. 11.) Upon the retirement of the magistrate judge, this action was reassigned to the undersigned. (ECF No. 12.)

After receiving an extension of time, Plaintiff filed a first amended complaint on April 6, 2018. (ECF No. 17.) The Court screened Plaintiff's complaint; and, on April 8, 2018, findings and recommendations were filed recommending dismissing certain claims. (ECF No. 18.) On July 19, 2018, an order was filed adopting the findings and recommendations. (ECF No. 27.) The order

1

1 found that Plaintiff had stated a Fourteenth Amendment substantive due process condition of
2 confinement claim against Pam Ahlin and Brandon Price in their official capacities relating to the
3 implementation of amendments to section 4350 of Title 9 of the California Code of Regulations.
4 (Id. at 18.) Plaintiff was granted leave to amend his procedural due process claim. (Id.) Plaintiff
5 was ordered to either file a notice that he wished to proceed on the claims found to be cognizable
6 in the first amended complaint or to file an amended complaint within thirty days. (Id.) After
7 receiving an extension of time, Plaintiff filed a second amended complaint on September 20, 2018.
8 (ECF No. 31.)

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## ALLEGATIONS IN SECOND AMENDED COMPLAINT

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") facing commitment as a sexually violent predator ("SVP") under California's Sexually Violent Predator Act ("SVPA"), California Welfare and Institutions Code, section 6600 et seq. (Sec. Am. Compl. ("SAC") 1,[1] ECF No. 31.) He is actively pursuing a college degree in mathematics. (Id.) Plaintiff brings this action against Brandon Price, Executive Director of CSH, and Pam Ahlin (collectively "Defendants") in their personal and official capacities alleging that new revisions to section 4350 of Title 15 of the California Code of Regulations violate his constitutional right to own and possess certain property. Plaintiff's second amended complaint is substantially identical to the first amended complaint; however, he has added a "comparison of conditions of confinement." (SAC at 18-21.)

Defendant Ahlin signed and submitted the newly revised section 4350 to the Office of Administrative Law, and Defendant Price is responsible for the implementation of the newly revised section 4350 at CSH. (SAC at 1.) Plaintiff was previously allowed to purchase and possess various electronic devices. (Id. at 2.) Subsequently the regulations were changed and these devices are now considered contraband and have been confiscated. (Id.) The regulations were purported

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

changed due to an epidemic of child pornography in the facility. (Id.)

On January 12, 2018, Plaintiff received a memorandum from Defendant Price regarding an emergency regulation that was approved by the Office of Administrative Law. (Id. at 3.) The memorandum informed the patients at CSH that certain electronic devices and items were considered contraband and implementation of the new regulation would begin in several weeks. (Id. at 3-4.) The regulations make certain of Plaintiff's devices, including multi-media players, mp3 music players, gaming devices such as an Xbox360 and or PSP, and graphing calculators, which Plaintiff has been able to possess for years, contraband. (Id. at 4-5.)

Plaintiff alleges that confiscation of these devices denies him the right to engage in legitimate activities such as playing video games, listening to music, watching television shows and movies, and pursuing his college degree. (Id. at 5.) Pursuant to the new regulation, Plaintiff is allowed only one television, one radio, thirty commercial CDs, DVDs or BlueRay disks, and no graphing calculators or mp3 players which have no internet capability. (Id.) Plaintiff contends the section 4350 denies him access to the courts, freedom of speech, and freedom of the press. (Id.) Plaintiff will not be able to digitally store documents and will be required to retain paper copies of court documents. (Id. at 5-6.)

CSH is located in a rural area and external antennas are required to be removed from radios. (Id. at 6.) Plaintiff cannot have a television antenna attached to his window. (Id.) Plaintiff's room is not fitted with any type of cable or master television distribution system and television and FM radio reception are virtually nonexistent. (Id.) Plaintiff relies on his multi-media players and mp3 player for entertainment. (Id.) There are two televisions per unit in the housing area for fifty patients. (Id.) These televisions receive satellite service, but he cannot get 49 other people to agree on the programing to watch so he cannot enjoy television in the public areas. (Id.) The majority of physical altercations in the facility result from disagreements over the public televisions and which programs to watch. (Id.)

On January 22, 2018, unidentified defendants confiscated most of Plaintiff's personal property. (Id. at 8.) Not only were items within section 4350 confiscated, but food items, utensils, bowls, plates, papers, legal work, cords, power supplies, batteries, powder drink mixes, toiletries,

1  soap, deodorant, toothpaste, toothbrushes, pens, instant coffee, and condiments were confiscated. (Id.) Plaintiff alleges that he should have been allowed by section 4350 to keep his Android tablet device, Xbox 360, and other peripheral devices such as controllers, keyboards, power supplies, and battery chargers, but these items were confiscated. (Id.) Plaintiff has been allowed to have certain property for more than a decade that is now considered to be contraband. (Id.)

The new regulation was justified due to the "epidemic of child pornography" at CSH, however the regulation affects all institutions statewide. (Id. at 9.) Less than one percent of the patient population at CSH have been found to have engaged in the illegal activities. (Id.) Since CSH opened five employees have been caught in possession of child pornography. (Id. at 10.) It is not clear if these individuals were included in the numbers to justify the alleged epidemic of child pornography that is claimed to be taking place at CSH. (Id.)

Prior to instituting the new regulation, patients were entitled to have more than one radio, one television, one CD/DVD/BlueRay player, and 30 factory CDs/DVDs/BlueRay disks. (Id.)

Since Defendants have taken control of his property, Plaintiff contends there is no safety and security concern remaining so they may not search his property for illegal material. (Id. at 10-11.) Plaintiff has not been engaged in criminal wrongdoing and alleges that the harm has been removed by the confiscation of the devices and any legitimate governmental interest has been satisfied. (Id. at 11.) Sgt. Jones stated that all confiscated property was booked into evidence and would be searched for illegal material. (Id.) Plaintiff contends that a search warrant must be sought before any of the confiscated property can be searched. (Id. at 11.)

Plaintiff alleges that there was no notice of the change in the regulation to Plaintiff or other patients at CSH. (Id. at 12.) According to the memorandum that circulated after section 4350 had been amended, the emergency regulation package was submitted on December 22, 2017 without notice to the patients so that they could comment. (Id.) The Regulation became effective on January 12, 2018. (Id.)

On January 13, 2018, the facility was placed on lock-down and Plaintiff had no access to the law library. (Id. at 12-13.) Plaintiff had typewriters in his unit but beginning January 13, 2018, he was denied use of them for his legal documents. (Id. at 13.) Plaintiff did not have any lined paper

because he usually creates documents with a word processor and normally types or prints his documents. (Id.) Due to the lock down Plaintiff was not able purchase lined paper. (Id.) Plaintiff got paper from another patient and got assistance from another patient to prepare his claim. (Id.) Defendants refused to make copies for Plaintiff. (Id.) The nursing station has a copy machine but it is not available for patient's use. (Id.) Staff made copies of memorandums from Defendant Price to the patients but would not make Plaintiff copies of his court paperwork. (Id.)

Plaintiff has been denied telephone access for all calls. (Id. at 14.) Plaintiff was denied when he asked to contact his attorney and the patient advocate. (Id.) All visits were suspended due to the lockdown. (Id.) Due to the denial of telephone access, Plaintiff could not inform potential visitors that they could not visit. (Id.)

Plaintiff was handicapped in preparing his original complaint because he did not have access to any cases other than those that he had memorized or stored on his electronic storage media. (Id.) Plaintiff did not have access to a computer or printer. (Id.) He had to rely on an outside party to type and print his pleading. (Id. at 14-15.) Plaintiff dictated the brief via telephone and the brief was typed and mailed to Plaintiff for signing. (Id. at 15.)

Plaintiff had two other actions pending in the District Court and almost all the information was stored on his electronic media storage device and he no longer has possession or access to the data. (Id.) Plaintiff is unable to pursue these matters and may be forced to drop pursuit of them. (Id.)

On January 18, 2018, Defendant Price circulated a memorandum regarding the implementation of the emergency regulation stating that enforcement would start on January 19, 2018. (Id.)

Plaintiff has been locked up for a long time and is facing an indefinite commitment and there is no guarantee he will ever be released. (Id. at 16.) Prior to being incarcerated, Plaintiff lived in Los Angeles and enjoyed excellent radio and television reception. (Id. at 17.) He did not have a need for multimedia players. (Id.) However, CSH is located in a rural area and reception is not optimal. (Id.) Further, there are local policies requiring the removal of metallic antennas from radios and televisions and disallowing external plastic antennas to be placed in the window to make

reception possible. (Id.) Plaintiff is not allowed to have cable or MATV to pick up signals. (Id.) Plaintiff cannot possess a satellite radio. (Id.) These policies practically eliminate all personal channels of communication available to Plaintiff. (Id.) These conditions are punitive in nature and place a far greater burden on Plaintiff than those prisoners that are housed next door at Pleasant Valley State Prison ("PVSP"). (Id.) The prisoners at PVSP are allowed to have an MATV cable hookup in their cell. (Id.) They are also allowed to purchase and possess X-box 360s and Sony Play Station 2s as long the items are purchased from an approved vendor and the internet connectivity is removed. (Id.)

Plaintiff was previously allowed to purchase X-box 360s and Play Station 2s from approved vendors and the new regulation allows Plaintiff to possess them. (Id. at 17.) Plaintiff was allowed to purchase such items at a premium price through an approved vendor. (Id. at 18.) Although the items are allowed by the new regulation, Defendant Price issued a memorandum on March 23, 2018 disallowing X-box gaming systems and Play Station gaming systems. (Id.)

Plaintiff is a college student and is pursuing a degree in mathematics. (Id.) Pursuant to the new regulation he is unable to have a graphing calculator. (Id.) This device has no internet connectivity and depriving Plaintiff of a graphing calculator has forced him to abandon his course work and his hopes of earning a degree in mathematics. (Id.)

Plaintiff seeks a declaration that section 4350 violates his First Amendment rights to freedom of speech and freedom of the press, his Fourth Amendment right against unreasonable search and seizure, and is an unconstitutional taking of his property without compensation under the Fifth Amendment. (Id. at 22.) Plaintiff seeks an injunction to enjoin Defendants from enforcing the newly amended section 4350 in its entirety and to require defendants to return all confiscated property to Plaintiff and all similarly situated individuals. (Id. at 24.)

## III.

## DISCUSSION

For the reasons discussed in the previous findings and recommendations and as adopted by the July 19, 2018 order, Plaintiff's second amended complaint fails to state a cognizable claim for violation of the First, Fourth, or Fifth Amendment. (ECF No. 18 at 11-12, 13-17, 19; ECF No. 27

at 4.) Similarly, Plaintiff is unable to seek systemwide relief to have property returned to other civil detainees. (ECF No. 18 at 18-19.) The Court recommends that these claims be dismissed without leave to amend.

### A. Due Process Claims

The factual allegations in the second amended complaint are virtually identical to those in the first amended complaint. Accordingly, the Court adopts the May 15, 2018 findings and recommendations for the failure to state cognizable claims. The Court will discuss the Fourteenth Amendments claims raised in the second amended complaint.

#### 1. Substantive due process

Plaintiff alleges that his due process rights are violated by section 4350 because by restricting certain electronic devices and items he is being held in conditions more punitive than than inmates housed in the California Department of Corrections and Rehabilitation.

##### a. Punitive nature of regulation

"[T]he due process clause includes a substantive component which guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." Halverson v. Skagit Cty., 42 F.3d 1257, 1261 (9th Cir. 1994), as amended on denial of reh'g (Feb. 9, 1995) (quoting Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989)). In determining whether conditions of confinement of civilly committed individuals violate the constitution, courts look to the substantive due process clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982); Jones v. Blanas, 393 F.3d 918, 931-34 (9th Cir. 2004). States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," and to provide "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citations omitted).

Although civilly detained persons must be afforded more considerate treatment and conditions of confinement than convicted defendants, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners to establish a floor for the constitutional

rights of persons detained under a civil commitment scheme, Padilla v. Yoo, 678 F.3d 748, 759 (9th Cir. 2012) (citing Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007), vacated and remanded on other grounds by 556 U.S. 1256 (2009), and may borrow Eighth Amendment standards to do so, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Redman v. County of San Diego, 942 F.2d 1435, 1441 (9th Cir. 1991), abrogated on other grounds by 511 U.S. 825 (1994). But the conditions under which civil detainees are held cannot be more harsh than those under which prisoners are detained except where the statute itself creates a relevant difference. Hydrick, 500 F.3d at 989 n.7.

The Due Process Clause requires that the nature and duration of the civil commitment must bear some reasonable relation to the purpose for which the individual is committed. Jones, 393 F.3d at 931. However, civilly detained individuals can be subject to restrictions that have a legitimate, non-punitive government purpose and that do not appear to be excessive in relation to that purpose. Bell v. Wolfish, 441 U.S. 520, 535 (1979). "A reasonable relationship between the governmental interest and the challenged restriction does not require an exact fit, nor does it require showing a 'least restrictive alternative.'" Valdez v. Rosenbalm, 302 F.3d 1039, 1046 (9th Cir. 2002) (citations omitted). The only question is whether the defendants might reasonably have thought that the policy would advance its interests. Id.

Under Ninth Circuit precedent, "a restriction is 'punitive' where it is intended to punish, or where it is 'excessive in relation to [its non-punitive] purpose,' or is 'employed to achieve objectives that could be accomplished in so many alternative and less harsh methods[.]" Jones, 393 F.3d at 934 (citations omitted). "[A] presumption of punitive conditions arises where the individual is detained under conditions identical to, similar to, or more restrictive than those under which pretrial criminal detainees are held, or where the individual is detained under conditions more restrictive than those he or she would face upon commitment." Id. This presumption can be rebutted by the defendants explaining a legitimate, non-punitive purpose for the conditions imposed. Id.

Plaintiff alleges that due to the revisions to section 4350 he is being detained under conditions that are more restrictive than the conditions of prisoners in the custody of the California Department of Corrections and Rehabilitation. Defendants may be able to provide reasonable justification for

9

the ban on the relevant devices, but at the pleading stage, Plaintiff's allegations are sufficient to state a cognizable condition of confinement claim against Defendants Ahlin and Price based on the amendments to section 4350.

b. Overbreath of regulation

Plaintiff also contends that the regulation is overly broad as it prohibits the possession of items that cannot be connected to the internet and have no wireless capabilities which is not related to the State's security interest. At the pleading stage, the Court finds that Plaintiff has stated a claim that the regulation is overly broad based on the prohibition against devices that are not capable of being connected to the internet and have no memory storage capability.

However, Plaintiff's complaint fails to state any other substantive due process claims for the reasons stated in the prior findings and recommendations.

**2. Procedural Due Process**

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

a. Implementation of Regulation

Plaintiff alleges that he was denied due process because the regulation was implemented without notice of the change in the regulation to patients at the hospital. However, as the previous order found, any procedural due process requirements appear to have been met in this case. (ECF No. 11 at 17:27-18:9.) "Where the action complained of is legislative in nature, due process is satisfied when the legislative body performs its responsibilities in the normal manner prescribed by law." Halverson, 42 F.3d at 1260. The regulation does not target Plaintiff or his property, but applies to all individuals that are detained in the Department of State Hospitals. "[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient." Id. As attached to Plaintiff's original complaint, the California Department of Corrections and Rehabilitation provided notice and an opportunity to comment on December 22, 2017. (Finding of Emergency and Emergency Regulation Text,

attached to complaint at pp. 35-47, ECF No. 1.) Plaintiff fails to state a cognizable procedural due process claim based on the amendment to section 4350.

    b. <u>Confiscation of Property</u>

Plaintiff alleges that his property was confiscated pursuant to the regulation in violation of the due process clause.

### i. Unauthorized deprivation of property

Plaintiff alleges that property that was not prohibited by section 4350 was confiscated when officials were implementing the property restrictions in section 4350. The allegation that unidentified officers used section 4350 to confiscate items beyond those contained within section 4350 or the policy enacted by Defendant Price fails to state a cognizable claim. The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. <u>Hudson v. Palmer</u>, 468 U.S. 533 (1984); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994). The confiscation of such property would not be authorized by section 4350 or by CSP policy and would therefore be a random, unauthorized deprivation of property for which the state provides an adequate post-deprivation remedy. <u>Hudson</u>, 468 U.S. at 533 (1984); <u>Barnett</u>, 31 F.3d at 816-17 (California provides an adequate post deprivation remedy for property deprivations).

### ii. Authorized deprivation of property

An authorized, intentional deprivation of property is actionable under the Due Process Clause. <u>See</u> <u>Hudson</u>, 468 U.S. at 532, n.13 (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. <u>Logan</u>, 455 U.S. at 436; <u>Piatt v. MacDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985) <u>see</u> <u>also</u> <u>Knudson v. City of Ellensburg</u>, 832 F.2d 1142, 1149 (9th Cir.1987). Authorized deprivations of property are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).

The prior findings and recommendations found that Plaintiff had stated a claim that his electronic devices and items were confiscated pursuant to the amendment to section 4350. The

district judge disagreed finding that, to the extent that Plaintiff had a protected property interest in the ownership of his electronic devices, he failed to state a claim because he was notified of the change in the regulation and given an adequate opportunity to comply with the regulation. (ECF No. 27 at 14:7-11 (quoting Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011).) In the institutional setting, the procedural due process clause is violated only when an agency "prescribes and enforces forfeitures of property '[w]ithout underlying [statutory] authority and competent procedural protections.'" Greene, 648 F.3d at 1019. Here, as discussed above, Plaintiff has received the process due to implement the amendment to the regulation. Therefore, Plaintiff fails to state a procedural due process claim based on the confiscation of property pursuant to amended section 4350.

The district judge recognized a claim that was not addressed in the prior findings and recommendations. Plaintiff also alleges that officials confiscated electronic property that was allowed by section 4350 but detainees are being denied the right to possess by Defendant Price's implementation letter. Liberally construed, Plaintiff is alleging that Defendant Price instituted a policy at CSH prohibiting items and directing that they be confiscated that are allowed to be possessed by civil detainees by section 4350. "The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decisionmaking when it acts to deprive a person of his possessions." Fuentes v. Shevin, 407 U.S. 67, 80 (1972).

To the extent that Defendant Price implemented such a policy it would not have been carried out pursuant to established state procedures, regulations, or statutes. As alleged in the complaint, Defendant Price instituted the policy without providing notice and an opportunity to be heard. The allegations here are not similar to situations in which the courts have found a post deprivation remedy to be adequate because the deprivation cannot be anticipated. A prior hearing is not required where the deprivation is beyond the control of the state. Parratt v. Taylor, 451 U.S. 527, 541 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). The underlying rationale for this is that "when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." Hudson, 468 U.S.

1  at 533. Parratt is not applicable where an official is acting pursuant to a state policy and
2  deliberately carrying out what appears to that official to be proper procedures. Piatt, 773 F.2d at
3  1036.

4  Here, Plaintiff alleges that Defendant Price implemented the policy and sent out notice
5  several weeks in advance that the police would be implemented. This is not a random deprivation
6  of property, but is allegedly a deprivation based on a policy that was implemented by Defendant
7  Price and intentionally carried out. The Court finds that Plaintiff has stated a cognizable claim
8  against Defendant Price for implementing a policy that is more restrictive than section 4350.

9  The Court finds that Plaintiff has failed to state any other cognizable due process claims.

### B. Nature of Action against Defendants

Plaintiff again alleges that he is bringing claims against Defendants Ahlin and Price in their individual and official capacities. The court looks to the basis of the claims asserted and the nature of the relief sought to determine if the claims are asserted against the defendants in their individual or official capacity. Cent. Reserve Life of N. Am. Ins. Co. v. Struve, 852 F.2d 1158, 1161 (9th Cir. 1988).

Personal capacity suits seek to impose individual liability on the government official for actions taken under the color of state law. Hafer v. Melo, 502 U.S. 21, 25 (1991). To state an individual capacity claim, the plaintiff must show that the actions of the defendant caused the deprivation of a federal rights. Hafer, 502 U.S. at 25.

An official capacity suit on the other hand is equivalent to a suit against the state itself alleging that the agency's policy or custom played a part in the violation of federal law. Hafer, 502 U.S. at 25. Further, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

As the Court has previously found, the complaint filed here does not contain any allegations that the named defendants engaged in any individual wrongdoing. Plaintiff alleges that the named defendants are responsible for implementing a policy that prohibits him from possessing certain electronic devices. Plaintiff is attempting to hold Defendants liable for official policies that have

been implemented by the Department of State Hospitals and for acts taken in their official positions within the Department of State Hospitals. Additionally, Plaintiff does not seek monetary damages, but is seeking declaratory and injunctive relief. The allegations in the complaint state a claim against the defendants in their official capacities. Accordingly, the Court finds that this action should proceed against Defendants Ahlin and Price in their official capacities and the individual capacity claims should be dismissed.

## IV.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff has stated a cognizable claim against Defendants Ahlin and Price in their official capacity for violation of the Fourteenth Amendment, but has failed to state any other cognizable claims. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading and been provided with two opportunities to file an amended complaint. Despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the first amended complaint. Based upon the allegations in Plaintiff's original, first, and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support any additional claims and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. This action proceed against Defendants Ahlin and Price for substantive due process violations of the Fourteenth Amendment based on the allegations that the amendment to section 4350 is punitive in nature and the regulation is overly broad as it prohibits devices not capable of connecting to the internet or having memory storage capability; and on the procedural due process claim against Defendant Price for implementing a policy more restrictive than section 4350;

2. All other claims be dismissed without leave to amend for failure to state a claim; and

14

1   3.      The individual capacity claims against Defendants Ahlin and Price be dismissed
2           without leave to amend.
3       This findings and recommendations is submitted to the district judge assigned to this action,
4   pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of
5   service of this recommendation, Plaintiff may file written objections to this findings and
6   recommendations with the court.  Such a document should be captioned "Objections to Magistrate
7   Judge's Findings and Recommendations."  The district judge will review the magistrate judge's
8   findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that
9   failure to file objections within the specified time may result in the waiver of rights on appeal.
10  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391,
11  1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 28, 2018**

UNITED STATES MAGISTRATE JUDGE