| | |
|---|---|
| | **UNITED STATES DISTRICT COURT**<br><br>**EASTERN DISTRICT OF CALIFORNIA** |
| COREY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRANDON PRICE, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00102-LJO-SAB (PC)<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS IN THE SECOND AMENDED COMPLAINT<br><br>(ECF No. 32) |

Plaintiff Corey Williams, a civil detainee, is appearing *pro se* and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 ("§1983"). Plaintiff is a patient at Coalinga State Hospital ("CSH") awaiting a civil commitment hearing pursuant to California's Sexually Violent Predator Act ("SVPA"), California Welfare & Institutions Code § 6600 *et. seq*.[1] The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 28, 2018, the Magistrate Judge filed findings and recommendations ("F&Rs") recommending dismissing certain claims in the second amended complaint ("SAC") for failure to state a claim. ECF Nos. 32. The F&Rs were served on Plaintiff and contained notice that any

---

[1] A sexually violent predator ("SVP") is an individual previously "convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code. § 6600(a)(1).

1

objections were to be filed within thirty days from the date of service. *Id.* Plaintiff has not filed any objections to date. In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. The Court finds that the F&Rs are supported by the record and proper analysis with one exception discussed below.

This Court previously issued an order adopting in part and declining to adopt in part F&Rs issued with respect to the first amended complaint. ECF No. 27. In that order, this Court found that there was some confusion concerning the appropriate standard for procedural due process claims in contrast to substantive due process claims under the Fourteenth Amendment. *Id.* at 5-15. The Court found that the Ninth Circuit's holding in *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011), provided the appropriate framework for evaluation of procedural due process claims in the institutional context. ECF No. 27 at 13-15. In *Greene*, the Ninth Circuit found that where "prison officials enacted a system-wide ban [of typewriters] with no exceptions[,]" procedural due process did not require an individual predeprivation hearing where inmate "was notified of the change in the regulation and given an adequate opportunity to comply with it." 648 F.3d at 1019. Applying *Greene*, this Court found that Plaintiff failed to allege he was not given an adequate opportunity to comply with the new regulation (or the implementation memorandum issued by Defendant Price), but granted Plaintiff leave to amend his procedural due process claim to allege such facts. ECF No. 27 at 14-15.

After the filing of the SAC, the F&Rs found that Plaintiff stated a procedural due process and concluded that "Plaintiff has stated a cognizable claim against Defendant Price for implementing a policy that is more restrictive than section 4350." ECF No. 32 at 13. However, this "more restrictive" discussion is not relevant to a procedural due process claim pursuant to the standard set forth in *Greene*.

Plaintiff's SAC did not add additional facts to support a procedural due process claim under *Greene*. Accordingly, the Court declines to adopt the F&Rs finding that the SAC has stated a procedural due process claim under the Fourteenth Amendment. Because Plaintiff had the opportunity to amend his complaint to address the shortcomings of his procedural due process claim and failed to do so, the Court dismisses the procedural due process claim without leave to amend.

# I. **CONCLUSION AND ORDER**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the F&Rs to be supported by the record and by proper analysis with the one exception outlined above. *See* ECF No. 27.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed September 28, 2018, dismissing certain claims, are ADOPTED IN PART (ECF No. 32);
2. Plaintiff has stated a cognizable claim against Defendants Ahlin and Price in their official capacity for Fourteenth Amendment substantive due process condition of confinement claim relating to implementation of the amendments to § 4350;
3. The Court declines to adopt the findings and recommendations conclusion that Plaintiff has stated a Fourteenth Amendment procedural due process claim. Plaintiff had the opportunity to amend this claim and did not add allegations to provide sufficient facts that such a claim has been stated. The procedural due process claim is therefore dismissed without leave to amend.
4. The individual capacity claims are dismissed for failure to state a claim;
5. All other claims are dismissed for failure to state a claim;
6. This matter is referred to the magistrate judge for initiation of service of process.

IT IS SO ORDERED.

Dated: **November 8, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE