# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS, | Case No. 1:18-cv-00102-LJO-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| BRANDON PRICE, et al., | (ECF Nos. 44, 45, 46, 48) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Corey Williams, a civil detainee, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Brandon Price and Pamela Ahlin's (collectively "Defendants") motion to dismiss.

## I.

## PROCEDURAL HISTORY

Plaintiff filed this action on January 22, 2018, against Defendants alleging his constitutional rights were violated by emergency amendments to Cal. Code Regs. tit. 9, § 4350. (ECF No. 1.) On March 7, 2018, United States Magistrate Judge Michael J. Seng screened Plaintiff's complaint and found that it stated a substantive due process claim. (ECF No. 11.) Plaintiff was ordered to either file an amended complaint or notify the Court that he wished to proceed on the claims found to be cognizable in the screening order. (Id.) On April 3, 2018, following the retirement of Judge Seng, this matter was reassigned to the undersigned. (ECF No. 16.)

On April 5, 2018, the Court directed the Office of the Attorney General to make a special appearance to address Plaintiff's request for a preliminary injunction and a response was due within

1

fourteen days. (ECF Nos. 14, 16.) After receiving an extension of time, Plaintiff filed a first amended complaint on April 6, 2018. (ECF No. 17.) Plaintiff's complaint was screened on April 18, 2018. (ECF No. 18.) The undersigned found that Plaintiff had stated a claim against Defendants Ahlin and Price in their official capacity for a condition of confinement and deprivation of property claim for implementing the amendments to section 4350 and a claim that the regulation is overly broad by prohibiting devices that are not capable of connecting to the internet and have no memory storage ability and recommended that all remaining claims be dismissed for failure to state a claim. (Id.)

After receiving an extension of time to respond, the Attorney General filed a response to Plaintiff's request for a preliminary injunction on April 30, 2018. (ECF No. 21.) On May 15, 2018, findings and recommendations issued recommending denying Plaintiff's request for a preliminary injunction. (ECF No. 22.) On July 19, 2018, District Judge Lawrence J. O'Neill issued an order adopting in part the findings and recommendation. (ECF No. 27.) The order found that Plaintiff had stated a substantive due process claim against Defendants Ahlin and Price in their official capacities for implementing the amendments to section 4350 and Plaintiff was ordered to either file a second amended complaint or notify the court that he wished to proceed on the cognizable claims and Plaintiff's motion for a preliminary injunction was denied. (Id.)

After receiving an extension of time, Plaintiff filed a second amended complaint on September 20, 2018. (ECF No. 31.) On September 28, 2018, findings and recommendations issued. (ECF No. 32.) The findings and recommendations recommended that this action proceed against Defendants Ahlin and Price for substantive due process violations of the Fourteenth Amendment based on the allegations that the amendment to section 4350 is punitive in nature and the regulation is overly broad as it prohibits devices not capable of connecting to the internet or having memory storage capability; and on the procedural due process claim against Defendant Price for implementing a policy more restrictive than section 4350, and that all other claims be dismissed without leave to amend. (Id.)

On November 9, 2018, District Judge O'Neill adopted in part the findings and recommendations. (ECF No. 35.) This action is proceeding against Defendants Ahlin and Price in

their official capacity for implementing the amendments to section 4350 in violation of substantive due process.  (Id. at 3.)

On January 25, 2019, Defendants filed the instant motion to dismiss and a request for judicial notice.  (ECF Nos. 44, 45.)  Plaintiff filed an opposition on February 19, 2019.  (ECF No. 46.)  Defendants filed a reply on February 26, 2019.  (ECF No. 48.)

**II.**

**RELEVANT ALLEGATIONS IN SECOND AMENDED COMPLAINT**

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") facing commitment as a sexually violent predator ("SVP") under California's Sexually Violent Predator Act ("SVPA"), California Welfare and Institutions Code, section 6600 et seq.  (Sec. Am. Compl. ("SAC") 1,[1] ECF No. 31.)  He is actively pursuing a college degree in mathematics.  (Id.)  Plaintiff brings this action against Brandon Price, Executive Director of CSH, and Pam Ahlin (collectively "Defendants") in their personal and official capacities alleging that new revisions to section 4350 of Title 15 of the California Code of Regulations violate his constitutional right to own and possess certain property.

Defendant Ahlin signed and submitted the newly revised section 4350 to the Office of Administrative Law, and Defendant Price is responsible for the implementation of the newly revised section 4350 at CSH.  (SAC at 1.)  Plaintiff was previously allowed to purchase and possess various electronic devices.  (Id. at 2.)  Subsequently, the regulations were changed and these devices are now considered contraband and have been confiscated.  (Id.)  The regulations were purported changed due to an epidemic of child pornography in the facility.  (Id.)

On January 12, 2018, Plaintiff received a memorandum from Defendant Price regarding an emergency regulation that was approved by the Office of Administrative Law.  (Id. at 3.)  The memorandum informed the patients at CSH that certain electronic devices and items were considered contraband and implementation of the new regulation would begin in several weeks.  (Id. at 3-4.)  The regulations make certain of Plaintiff's devices, including multi-media players, mp3 music players, gaming devices such as an Xbox360 and or PSP, and graphing calculators,

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

which Plaintiff has been able to possess for years, contraband.  (Id. at 4-5.)

Plaintiff alleges that confiscation of these devices denies him the right to engage in legitimate activities such as playing video games, listening to music, watching television shows and movies, and pursuing his college degree.  (Id. at 5.)  Pursuant to the new regulation, Plaintiff is allowed only one television, one radio, thirty commercial CDs, DVDs or BlueRay disks, and no graphing calculators or mp3 players which have no internet capability.  (Id.)  Plaintiff contends the section 4350 denies him access to the courts, freedom of speech, and freedom of the press.  (Id.)  Plaintiff will not be able to digitally store documents and will be required to retain paper copies of court documents.  (Id. at 5-6.)

CSH is located in a rural area and external antennas are required to be removed from radios.  (Id. at 6.)  Plaintiff cannot have a television antenna attached to his window.  (Id.)  Plaintiff's room is not fitted with any type of cable or master television distribution system and television and FM radio reception are virtually nonexistent.  (Id.)  Plaintiff relies on his multi-media players and mp3 player for entertainment.  (Id.)  There are two televisions per unit in the housing area for fifty patients.  (Id.)  These televisions receive satellite service, but he cannot get 49 other people to agree on the programing to watch so he cannot enjoy television in the public areas.  (Id.)  The majority of physical altercations in the facility result from disagreements over the public televisions and which programs to watch.  (Id.)

On January 22, 2018, unidentified defendants confiscated most of Plaintiff's personal property.  (Id. at 8.)  Plaintiff alleges that he should have been allowed by section 4350 to keep his Android tablet device, Xbox 360, and other peripheral devices such as controllers, keyboards, power supplies, and battery chargers, but these items were confiscated.  (Id.)  Plaintiff has been allowed to have certain property for more than a decade that is now considered to be contraband.  (Id.)

The new regulation was justified due to the "epidemic of child pornography" at CSH, however the regulation affects all institutions statewide.  (Id. at 9.)  Less than one percent of the patient population at CSH have been found to have engaged in the illegal activities.  (Id.)  Since CSH opened, five employees have been caught in possession of child pornography.  (Id. at 10.)  It is not

clear if these individuals were included in the numbers to justify the alleged epidemic of child pornography that is claimed to be taking place at CSH. (Id.)

Prior to instituting the new regulation, patients were entitled to have more than one radio, one television, one CD/DVD/BlueRay player, and 30 factory CDs/DVDs/BlueRay disks. (Id.)

According to the memorandum that circulated after section 4350 had been amended, the emergency regulation package was submitted on December 22, 2017, and the Regulation became effective on January 12, 2018. (Id.)

On January 18, 2018, Defendant Price circulated a memorandum regarding the implementation of the emergency regulation stating that enforcement would start on January 19, 2018. (Id.)

Plaintiff has been locked up for a long time and is facing an indefinite commitment and there is no guarantee he will ever be released. (Id. at 16.) Prior to being incarcerated, Plaintiff lived in Los Angeles and enjoyed excellent radio and television reception. (Id. at 17.) He did not have a need for multimedia players. (Id.) However, CSH is located in a rural area and reception is not optimal. (Id.) Further, there are local policies requiring the removal of metallic antennas from radios and televisions and disallowing external plastic antennas to be placed in the window to make reception possible. (Id.) Plaintiff is not allowed to have cable or MATV to pick up signals. (Id.) Plaintiff cannot possess a satellite radio. (Id.) These policies practically eliminate all personal channels of communication available to Plaintiff. (Id.) These conditions are punitive in nature and place a far greater burden on Plaintiff than those prisoners that are housed next door at Pleasant Valley State Prison ("PVSP"). (Id.) The prisoners at PVSP are allowed to have an MATV cable hookup in their cell. (Id.) They are also allowed to purchase and possess X-box 360s and Sony Play Station 2s as long the items are purchased from an approved vendor and the internet connectivity is removed. (Id.)

Plaintiff was previously allowed to purchase X-box 360s and Play Station 2s from approved vendors and the new regulation allows Plaintiff to possess them. (Id. at 17.) Plaintiff was allowed to purchase such items at a premium price through an approved vendor. (Id. at 18.) Although the items are allowed by the new regulation, Defendant Price issued a memorandum on March 23, 2018

disallowing X-box gaming systems and Play Station gaming systems. (Id.)

Plaintiff is a college student and is pursuing a degree in mathematics. (Id.) Pursuant to the new regulation he is unable to have a graphing calculator. (Id.) This device has no internet connectivity and depriving Plaintiff of a graphing calculator has forced him to abandon his course work and his hopes of earning a degree in mathematics. (Id.)

Plaintiff seeks an injunction to enjoin Defendants from enforcing the newly amended section 4350 in its entirety and to require defendants to return all confiscated property to Plaintiff. (Id. at 24.)

### III.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca,

652 F.3d 1202, 1216 (9th Cir. 2011).  Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief.  Starr, 652 F.3d at 1216.  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

## IV.

## DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Defendants have filed three requests for judicial notice.  As a general rule, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion.  United States v. Corinthian Colleges, 655 F.3d 984, 998 (9th Cir. 2011).  There are two exceptions to this rule, when the complaint necessarily relies on the documents or where the court takes judicial notice of documents.  Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  Under the Federal Rules, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice may be taken "of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 689.  Courts may also take judicial notice of information displayed on government websites where neither party disputes the accuracy of the information contained therein.  Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010).  The Court only addresses those documents that it finds to be relevant to the current motion taking into consideration that this is a motion to dismiss and not a motion for summary judgment.  Since this is a motion to dismiss, the Court finds that much of the documentation provided is beyond what should be considered at this stage of the proceedings in determining if Plaintiff has stated a claim.

The Court shall grant Defendants' request for judicial notice of sections 891 and 4350, notices of publication/regulation submission for amended section 4350, and court opinions in Saint-Martin v. Price, No. 18-cv-00123-DAD-SKO (E.D. Cal. Feb. 6, 2018), and Allen v. King, 41 F.App'x 463

(9th Cir.), Endsley v. Luna, No. CV 06-04100 DSF (SS) (C.D. Cal. Nov. 12, 2009); and Endsley v. Luna, 473 F.App'x 750 (9th Cir.).  The following documents were relied on in the complaint and shall be considered: Notice of Emergency Amendments and Findings of Emergency; Emergency Regulation Text of section 4350; January 12, 2018 memorandum from Brandon Price; and January 18, 2018 memorandum from Brandon Price.

Defendants seek for the Court to take judicial notice of the property receipts for property confiscated from Plaintiff.  (ECF No. 44-2 at 95-99.)  While the Court shall take judicial notice that Plaintiff's property was confiscated, Defendants seek for the Court to take judicial notice that these specific items were confiscated to show that Plaintiff's allegations that other items were confiscated are not supported.  (ECF No. 48 at 3.)  Although Defendant contends that items such as a graphing calculator were not confiscated, Plaintiff alleges that his graphing calculator was confiscated.  (ECF No. 31 at 8.)  At the pleading stage, the Court finds that the specific items confiscated are in reasonable dispute.  The Court shall take judicial notice that Plaintiff's property was confiscated, but declines to take judicial notice of the specific items that are listed on the property forms.

In their reply, Defendants also seek for the Court to take judicial notice of information posted on Microsoft's website addressing how to configure wireless network settings on an Xbox 360 console citing to O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1224 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.").  (ECF No. 48-1 at 5-9.)  First, while Defendant argues that it is not uncommon for courts to take judicial notice of documents posted on the web, "[a]s a general matter, courts are hesitant to take notice of information found on third party websites and routinely deny requests for judicial notice, particularly when the credibility of the site's source information is called into question by another party."  Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015).  Plaintiff alleges that the Xbox's that were confiscated were not able to be configured to attach to the network due to their age and because they had been modified to preclude internet connection prior to being allowed in the facility.  To the extent that the content of the information on Microsoft's website is in dispute, "such matters of controversy are not appropriate subjects for judicial notice."  Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F.Supp.2d 1224, 1234

(E.D. Cal. 2003). Because it is subject to reasonable dispute whether the items confiscated were able to connect to the internet, the Court finds that judicial notice is not appropriate for this document.

## V.

## DISCUSSION

Defendants argue that Plaintiff cannot proceed on his claims for declaratory and injunctive relief in this action because the complaint does not state a claim and this action is moot as Plaintiff's items have already been confiscated. First, Defendants argue that the Ninth Circuit Court of Appeals has found that the original section 4350 was reasonably related to a legitimate, non-punitive government interest in <u>Allen</u> and the reasoning applies equally to the amendments to the regulation.

Plaintiff counters that the substance of his complaint is that Defendants have implemented a policy prohibiting items that are not internet capable and therefore are beyond the scope of their stated legitimate governmental interest. Plaintiff replies that since the items that are prohibited are not internet capable they were allowable under the original version of section 4350. Plaintiff contends that the property prohibited by the amendments to the regulation have no internet capability whatsoever so the legitimate government interest found in <u>Allen</u> does not apply to the amendments to the regulation.[2]

Defendants reply that since Plaintiff has not contested that <u>Allen</u> found that the ban on possession of computers and internet accessible devices served a compelling government interest nor did he contest that in <u>Endsley</u>, 2009 WL 3806266, at *8, n. 9 (2009), a personal computer that is not internet connectable may also be banned, the Court should find that the ban on electronic

---

[2] Plaintiff argues that he is currently pending commitment and he has not yet been adjudicated to be a SVP. Plaintiff contends that Defendants are mischaracterizing his status as a means to seek dismissal of his complaint. However, whether Plaintiff has been adjudicated to be an SVP or is pending adjudication is irrelevant as the same standards apply to all detainees. <u>See</u> <u>Simmons v. Sacramento Cty. Superior Court</u>, 318 F.3d 1156, 1160 (9th Cir. 2003) ("Pretrial detainees have a substantive due process right against restrictions that amount to punishment."); <u>Youngberg v. Romeo</u>, 457 U.S. 307 (1982) (substantive due process liberty interest exists for individual committed to a state institution for the mentally retarded). Although an individual who is awaiting commitment cannot be detained under conditions more restrictive than he would face upon commitment, <u>Jones</u>, 393 F.3d at 933, Plaintiff alleges here that the regulations apply to all SVPs and there are no allegations that he is treated differently than individuals who have been adjudicated to be a SVP.

9

devices such as an Xbox 360 cannot state a viable claim.[3]

### A. Substantive Due Process Claim

Upon review of the findings and recommendations and order adopting, the Court finds that this action is proceeding on Plaintiff's substantive due process claim that the amendments to section 4350 are punitive in nature, are overbroad by prohibiting items that cannot connect to the internet and have no memory storage capacity, and that in implementing the amendments to section 4350 at CSH Defendant Price prohibited items that are allowable under section 4350. Defendants argue that the original regulation, as well as the amendments to the regulation, both provide the same ban on possession of internet-capable and related devices. Therefore, Defendants contend that the Court should find that Plaintiff cannot state a claim for the prohibition on the possession of personal computers under the amendments to section 4350.

"[T]he due process clause includes a substantive component which guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures that are in themselves constitutionally adequate." Halverson v. Skagit Cty., 42 F.3d 1257, 1261 (9th Cir. 1994), as amended on denial of reh'g (Feb. 9, 1995) (quoting Sinaloa Lake Owners Ass'n v. City of Simi Valley, 882 F.2d 1398, 1407 (9th Cir.1989)). In determining whether conditions of confinement of civilly committed individuals violate the constitution, courts look to the substantive due process clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982); Jones v. Blanas, 393 F.3d 918, 931-34 (9th Cir. 2004). In considering whether the conditions that the detainee is subjected to violate the Due Process Clause, the question is whether those conditions amount to punishment of the detainee. Bell v. Wolfish, 441 U.S. 520, 535 (1979). States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," and to provide "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citations omitted).

---

[3] As there is a dispute regarding the items that were confiscated, the Court declines to address Defendants' argument that he cannot bring a claim relating to the prohibition against certain items such as a PlayStation and graphing calculator.

The Due Process Clause requires that the nature and duration of the civil commitment must bear some reasonable relation to the purpose for which the individual is committed.  <u>Jones</u>, 393 F.3d at 931.  However, civilly detained individuals can be subject to restrictions that have a legitimate, non-punitive government purpose and that do not appear to be excessive in relation to that purpose.  <u>Bell</u>, 441 U.S. at 535.  Whether an individual's due process rights have been violated requires a balancing of the individual's liberty interest against the relevant state interest.  <u>Youngberg</u>, 457 U.S. at 321.  There is no constitutional violation if the restrictions "are an incident of some other legitimate government purpose."  <u>Simmons v. Sacramento Cty. Superior Court</u>, 318 F.3d 1156, 1160 (9th Cir. 2003).  "A reasonable relationship between the governmental interest and the challenged restriction does not require an exact fit, nor does it require showing a 'least restrictive alternative.' "  <u>Valdez v. Rosenbalm</u>, 302 F.3d 1039, 1046 (9th Cir. 2002) (citations omitted).  The only question is whether the defendants might reasonably have thought that the policy would advance its interests.  <u>Id.</u>

The Ninth Circuit has held that "punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless 'excessive in relation to the alternative purpose,' or 'are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods[.]' "  <u>Jones</u>, 393 F.3d at 932 (citations omitted).  "Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility."  <u>Id.</u>

Citing to <u>Allen</u> and <u>Endsley</u>, Defendants argue that, as the Ninth Circuit has found that the prior version of section 4350 was related to a legitimate government interest, the same reasoning applies to the amended regulation.  In <u>Allen</u>, the Ninth Circuit considered the district court's grant of summary judgment in favor of Defendants on three civil detainees' claim that Section 4350 violated the Due Process Clause by prohibiting an SVP from possessing electronic devices that are capable of connecting to a wired or wireless communications network.[4]  <u>Allen</u>, 741 F.App'x at 463.

---

[4] Pursuant to the rules of the Ninth Circuit, "[u]npublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.  Ninth Circuit Rule 36-3(a).  However, unpublished dispositions issued after January 1, 2007 may be cited to the court.  Ninth

On appeal, the Ninth Circuit considered if there was a genuine dispute of fact as to whether section 4350 is reasonably related to a legitimate government interest. Id. at 464. The Ninth Circuit found that

> The undisputed factual record establishes that some DSH-C SVPs have used personal wireless-capable devices to access or share child pornography or engage in other illicit activities such as contraband trafficking. DSH-C has a legitimate interest in preventing such illicit activity. There is a genuine dispute in the record as to the number of DSH-C SVPs involved in such illicit activity. But given the undisputed low-end number of SVPs involved, this dispute is not material in the sense that it might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). "A reasonable relationship between the governmental interest and the challenged restriction does not require an 'exact fit.'" See Valdez v. Rosenbaum, 302 F.3d 1039, 1046 (9th Cir. 2002) (quoting Mauro v. Arpaio, 188 F.3d 1054, 1060 (9th Cir. 1999) (en banc) ). Section 4350's ban on patients' personal possession of wireless-capable electronic devices is reasonably related to Appellees' legitimate interest in preventing patients from using such devices for illicit purposes. We thus affirm the district court's grant of summary judgment to Appellees on Appellants' substantive due process challenges to Section 4350.

Allen, 741 F.App'x at 464.

In Endsley, the district court granted summary judgment in favor of the defendants on a detainee's claim that regulations prohibiting him from possessing a personal laptop computer in a state mental hospital violated his constitutional rights. Endsley, 2009 WL 3806266, at *2. The district court found that restriction from possessing laptop computers was not punitive and the defendants had provided a legitimate governmental interest that was related to the restriction. Id. at *8. The court then considered whether the complete ban on computer ownership or use is reasonably related to concerns about institutional safety and security. Id. Considering the reasons provided by the facility for the ban on computer usage, the court found that evidence had been provided that the restriction is reasonably related to legitimate security concerns. Id. at *9.

Endsley appealed the district court's grant of summary judgment to the Ninth Circuit. Endsley, 473 F.App'x 750. On appeal, the Ninth Circuit found that

> The district court properly granted summary judgment on Endsley's substantive due process claim because Endsley failed to raise a genuine dispute of material fact as to whether the denial of his requests for a personal computer was reasonably related

---

Circuit Rule 36-3(b); see Animal Legal Def. Fund v. Veneman, 490 F.3d 725, 733 (9th Cir. 2007) ("as of January 1, 2007, we must now allow parties to cite even unpublished dispositions and unpublished orders as persuasive authority").

to the legitimate, non-punitive governmental interests of safety and security. See Jones v. Blanas, 393 F.3d 918, 931–32 (9th Cir.2004) (consistent with substantive due process, civilly committed individuals are subject to "[l]egitimate, non-punitive government interests," such as facility management and security); Valdez v. Rosenbaum, 302 F.3d 1039, 1046 (9th Cir.2002) ("A reasonable relationship between the governmental interest and the challenged restriction does not require ... showing a 'least restrictive alternative.' " (citation omitted)).

Endsley, 473 F.App'x at 750.

While Defendants argue that the reasons provided to find that the 2009 enaction of section 4350 was related to a legitimate governmental interest apply with equal force to the amendment to the section, the Court disagrees that such a finding can be made at this stage of the proceedings. Although the Court can consider the fact that the opinions in Allen and Endsley found that there was no dispute that the 2009 enactment of section 4350 was related to a legitimate governmental interest, "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.' " Lee, 250 F.3d at 690 (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426–27 (3rd Cir.1999)); see also Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) ("taking judicial notice of findings of fact from another case exceeds the limits of Rule 201"). Therefore, the Court cannot take judicial notice of the facts that the parties relied on in the previous cases to find that a legitimate government interest exists here.

If Plaintiff were challenging the original enactment of section 4350, the finding that there was no dispute that the 2009 enactment of section 4350 was related to a legitimate governmental interest could be dispositive based on claim preclusion.[5] However, Plaintiff is not contesting the constitutionality of the original prohibition against computers and devices that have the capability of connecting to the internet in this action. Here, Plaintiff is challenging an amendment to section 4350 which precludes additional devices and items that are capable of memory storage which were

---

[5] Res judicata applies where there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (citations and internal punctuation omitted).

1  not included in the 2009 enactment of section 4350. Therefore, the Court cannot find that the

2  decisions in <u>Allen</u> and <u>Endsley</u> establish that a there is a legitimate governmental interest that exists

3  to preclude Plaintiff from stating a claim in this action.

4      Absent a showing that a regulation was implemented by detention facility officials with the

5  intent to punish, the determination generally turns on "whether an alternative purpose to which [the

6  restriction] may rationally be connected is assignable for it, and whether it appears excessive in

7  relation to the alternative purpose assigned [to it]." <u>Bell</u>, 441 U.S. at 538 (quoting <u>Kennedy v.</u>

8  <u>Mendoza-Martinez</u>, 372 U.S. 144, 168-169 (1963)). Here, Plaintiff alleges that the amendment to

9  section 4350 is overbroad because it precludes possession of items that do not have the capability

10  of connecting to the internet and have no storage capacity and that the limitation on his possession

11  of property is excessive in relation to the security needs of the facility.[6]

12      This issue to be decided here will require the presentation of evidence and may be addressed

13  on summary judgment, but cannot be decided on a motion to dismiss. <u>See Wyatt</u>, 315 F.3d at 1114

14  (reversing summary judgment based on improper judicial notice of facts contained in prior court

15  ruling).

16      The Court recommends that Defendants' motion to dismiss the substantive due process claims

17  for failure to state a claim be denied.

18      **B.**    **Mootness**

19      Defendants also argue that Plaintiff's request for declaratory and injunctive relief are moot

20  because his property has already been confiscated. Plaintiff counters that since the regulation

21  prevents him from possessing property that does not connect to the internet the regulation is

22  overbroad and Defendants have possession of his property which has been booked into evidence

23  and is being stored at CSH in shipping storage containers. Defendants reply that Plaintiff's claims

24  have been rendered moot by his own decision to permit confiscation of his items rather than

25

---

26  [6] While Defendants present evidence as to the rule making regulations and the procedures that were followed in
enacting and implementing the amendments to the regulation, the substance of the claim here is not that Plaintiff was

27  denied procedural due process, but that the regulations themselves violate substantive due process because they are
arbitrary and capricious. The substantive component of the due process clause "guards against arbitrary and capricious

28  government action, even when the decision to take that action is made through procedures that are in themselves
constitutionally adequate." <u>Halverson</u>, 42 F.3d at 1261.

consenting to have them searched.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). A case becomes moot where there is no reasonable expectation that the alleged violation will reoccur and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Los Angeles Cty. v. Davis, 440 U.S. 625, 631 (1979). "Thus, in deciding a mootness issue, the question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can be any effective relief." Sea-Land Serv., Inc. (Pac. Div.) v. Int'l Longshoremen's & Warehousemen's Union, Locals 13, 63, & 94, 939 F.2d 866, 870 (9th Cir. 1991).

Here, Defendants argue that Plaintiff's request to prevent the confiscation of his property is moot because his property has already been confiscated. Although Plaintiff's property has been confiscated, Defendants cannot argue that the effects of the alleged violation have been eradicated. Plaintiff is still subjected to the prohibitions of the amendment to section 4350 and his property is currently being held in storage at CHS. Due to the regulation, Plaintiff is unable to possess the property at issue in this action which he clearly seeks to possess. Plaintiff is currently suffering actual injury, the deprivation of his property, due to the implementation of section 4350.

Defendants argue that since Plaintiff chose not to voluntarily consent to his items being searched his claim for injunctive relief is moot. However, Defendants have cited to no case authority for the proposition that once items are confiscated a claim for their return is moot. Further, since Plaintiff's property was seized to for the purposes of conducting a search for illegal materials, a claim of unlawful confiscation of property would be addressed by Rule 41 of the Criminal Rules of Civil Procedure which provides that any "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The Court finds no merit to Defendants' argument that since Plaintiff's property was confiscated the request for its return is now moot.

In his second amended complaint, Plaintiff seeks an injunction enjoining the enforcement of the amendments to section 4350 and for the return of property that was voluntarily turned over or

was taken from Plaintiff. (ECF No. 31 at 24.) If the regulation was found to be invalid, Plaintiff can receive relief in this action, such as an order that his property be returned. Plaintiff has a legally cognizable interest in the outcome of this litigation and the Court finds that this action has not been made moot by the confiscation of Plaintiff's property. The Court recommends that Defendants' motion to dismiss the claims for declaratory and injunctive relief as moot be denied.

## VI.

## CONCLUSION AND RECOMMENDATIONS

Determining whether the amendments to section 4350 are related to a legitimate governmental purpose and therefore do not violate due process is not suitable for decision on a motion to dismiss. Plaintiff's claims have not been made moot by the confiscation of his property as he is still subject to the challenged regulation. For these reasons, Defendants' motion to dismiss should be denied.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 14, 2019__

_____

UNITED STATES MAGISTRATE JUDGE