UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRANDON PRICE, *et al.*,<br><br>　　　　　Defendants. | No. 1:18-cv-00102-NONE-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, AND DISMISSING THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. Nos. 62, 70, 73) |

　　　　Plaintiff Corey Williams, a civil detainee at Coalinga State Hospital ("CSH"), brought this civil rights action under 42 U.S.C. § 1983 *pro se* and *in forma pauperis* against prison and executive officials at CSH and Department of State Hospitals ("DSH"). According to plaintiff's second amended complaint ("SAC"), defendants' enactment of § 4350 of title 9 of the California Code of Regulations and emergency amendments prohibiting electronic devices allegedly violated plaintiff's constitutional rights. (Doc. No. 31.) Approximately two years after plaintiff initiated this action, defendants filed a motion for judgment on the pleadings on February

/////
/////
/////
/////

1

21, 2020.¹ (Doc. No. 62.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the motion was referred to a magistrate judge. On July 29, 2020, the assigned magistrate judge found that plaintiff's claims were insufficiently pled and barred by claim preclusion. (Doc. No. 73.) Accordingly, the magistrate judge recommended to grant defendants' motion and to dismiss this action with prejudice.² (*Id.*) To date, plaintiff has not filed objections to the pending findings and recommendations and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. The court finds the findings and recommendations to be supported by the record and by proper analysis and will adopt the findings and recommendations.

Accordingly, the court ORDERS as follows:

1. The findings and recommendations (Doc. No. 73), filed on July 15, 2020, is ADOPTED;
2. Plaintiff's third amended complaint is STRICKEN;
3. The motion for judgment on the pleadings filed on behalf of defendants Price and Ahlin on February 21, 2020 (Doc. No. 62.), is GRANTED;
4. Plaintiff's second amended complaint is DISMISSED without leave to amend due to plaintiff's failure to allege a cognizable claim and on ground of claim preclusion; and

/////

/////

---

¹ The court notes that plaintiff filed his proposed third amended complaint ("TAC") eleven days after defendants' motion was filed. When an amended complaint is *properly* filed, "'[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *M&Z Trading Corp. v. Cargolift Ltd.*, 221 F.3d 1348 (9th Cir. 2000) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). The TAC was improperly filed, however, because plaintiff filed it without leave of court, and the filing was not permitted under Federal Rule of Civil Procedure 15(a). *Cf. Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1004, 1008–09 (9th Cir. 2015) (reversing the district court for considering a motion to dismiss on the first amended complaint, after the second amended complaint was properly filed). Thus, plaintiff's proposed TAC has not superseded his SAC, and the court may consider defendants' motion and review the SAC.

² The magistrate judge also analyzed the TAC on the merits and found that the TAC should also be dismissed. The court construes the magistrate judge's analysis of the TAC as reflecting a recommendation that the granting of further leave to amend the SAC would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.").

5. The Clerk of the Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and to enter judgment and close this case.

IT IS SO ORDERED.

Dated: __**October 5, 2020**__                    _/s/ Dale A. Drozd_
                                            UNITED STATES DISTRICT JUDGE